## MICHAEL MARTZ v. MARY E. EGGEMANN.

*Proof of delivery of deed.*

A person negotiating for the purchase of land was to discharge two
mortgages which he held against it and pay a balance due on govern-
ment certificates of sale. The deed and certificates were left with
his attorney for examination, and he left a check with him for part
of the consideration but afterwards repudiated the bargain and tried
to perfect his mortgage title, and for that purpose, it appears, kept
the certificate of sale. *Held* that there was evidence tending to show
the delivery of the deed.

Error to Superior Court of Detroit. Submitted Oct. 8.
Decided Oct. 20.

ASSUMPSIT by Mary E. Eggemann to recover a balance of
the consideration for certain lands sold by her to Michael
Martz who held two mortgages upon it which he was to dis-
charge as part of the consideration. There were also part-paid
certificates of the sale of the land by the State to a previous
owner, the payment of which was to be completed. The
deed, certificates and all the papers were left with Martz'
attorney with whom also Mr. Martz left a check for the bal-
ance due, but he afterwards refused to carry out the sale and
he kept the certificates which he claimed were referred to in
the mortgages, and which he seems to have supposed he
needed to enable him to perfect his mortgage title. Proceed-
ings were begun to foreclose the mortgages, and Martz sought
to introduce evidence thereof, claiming that it would have
explained why he retained possession of the certificates after
repudiating the contract of sale. Plaintiff recovered below
and defendant brings error. Affirmed.

*Charles M. Swift* and *Maybury & Conely* for plaintiff in
error.

*M. E. Dowling* for defendant in error.

MARSTON, C. J. Mrs. Eggemann brought this action to
recover an amount of money due her upon a conveyance of

certain lands to the plaintiff in error. That an agreement of sale was made, a deed drawn and executed in accordance therewith, which passed into the custody of the grantee, and a check drawn by him for the money consideration to be paid, was not disputed on the trial. The important matter in controversy related to the question of delivery of the deed. Was there evidence tending to show a delivery? That there was such evidence given on the part of plaintiff must be conceded, and the subsequent conduct of the grantee in perfecting his mortgage title, under the State certificates, supports the plaintiff's theory, or else shows that the whole transaction was in pursuance of a plan adopted by Martz to enable him to get possession of the part-paid certificates.

An examination of the record fails to show any error committed in the charge of the court, of which plaintiff in error could complain. Nor do we discover any error in the rejection of the foreclosure proceedings. The record does not show when such proceedings were commenced or what part they could play in the question as to whether there had been a delivery of the deed or not, and we are not satisfied that such proceedings could be shown for any purpose in this case.

The judgment must be affirmed with costs.

The other Justices concurred.