## SALMER *et al.* V. LATHROP *et al.*

1. It is no ground for exclusion of deposition that after it was taken for plaintiff, and returned in envelope bearing title of the cause, as prescribed by Comp. Laws, Sec. 5292, other persons were, by amendment, made plaintiffs; the issues not being materially changed or defendant prejudiced thereby.

2. Identity of a grantee of property with a subsequent grantor thereof may be shown by parol, where the property was deeded to him by a wrong name, and conveyed by him in his right name.

3. A tax deed, made by Revision 1877, Chap. 28, Sec, 74, (Comp. Laws, Sec. 1639), "conclusive evidence of the truth of all the facts therein recited," is void on its face, where it recites that the tax sale was at a certain time, at which, under Revision 1877, Chap. 28, Sec. 62, as amended by Sess. Laws 1879, Chap. 49, the sale could not legally be held; or that two lots, required by Comp. Laws, Secs, 1593, 1595, to be assessed separately, and therefore required to be sold separately, were sold as one parcel.

4. The limitation of three years from the time a tax deed is recorded, prescribed for suit by the former owner to recover land which has been sold and conveyed by deed for nonpayment of taxes, does not run where the deed is void on its face.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Clay county. Hon. E. G. SMITH, Judge.

Action to determine conflicting claims to real estate and for rents and profits. Plaintiffs had judgment, from which, and from an order denying their motion for a new trial, defendants appeal. Affirmed.

The facts are stated in the opinion.

*French & Orvis*, for appellants.

The deposition was defectively endorsed and should have been excluded. Comp. Laws, § 5292. Plaintiffs are, under the statute of limitations, estopped from now attacking the validity of the deed. Cooley, Taxation, pp. 557-560; Lindsey v. Ferry, 25 Wis. 460; Pillow v. Roberts, 13 How. 472; Baldwin v. Merriam, 20 N. W. 253; McMillan v. Whele, 13 N. W. 694; Black on Tax Titles, § 505; Harrison v. Spencer, 51 N. W. 642;

Hatling v. Lane, 22 N. W. 227; Smith v. Shattuck, 7 Pac. 355; Railroad v. Alfue, 20 N. W. 779; Harris v. Kuman, 4 Pac. 1044; Wright v. Mattison, 18 How. 50; Wilson v. Atkinson, 20 Pac. 66; Ward v. Huggins, 32 Id. 740.

*H. G. Tilton, W. E. Gantt* and *E. C. Ericson,* for respondents.

The envelope containing the deposition was properly endorsed with the full title of the case as it then existed, and defendants were not prejudiced by the subsequent joining of other parties plaintiff. The deposition was properly admitted. Holmes v, Boydston, 1 Neb. 346; 2 Wait's Pr. 668; Weatherly v. Brown, 106 Mass. 338; Ryan v. O'Connor, 41 Oh. St. 368; Jerauld County v. Williams, 7 S. D. 196, 63 N. W. 905; Pio Pico v. Antonio Cuyas, 47 Cal. 174. Town lots are required to be separately assessed. Comp. Laws, § 1593. Being required to be separately assessed, they must be separately sold or the deed will be void. Black Tax Titles, §§ 260, 401; Cooley Taxation, 494; Strode v. Washer, 16 Pac. 926; Brown v. Setzen, 40 N. W. 70; Terrill v. Groves, 18 Cal. 149; Wambole v. Foote, 2 Dak. 1; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 435. The statute of limitations does not run in favor of a tax deed that is void upon its face. 1 Black, Tax Titles (2d Ed.) § 497 and cases cited.

FULLER, J. This action to determine conflicting claims to and recover for the use and occupation of lots 8 and 9 in block 36 of Snyder's addition to the city of Vermillion, was tried to the court without a jury, and resulted in a judgment for plaintiffs, from which, and an order overruling a motion for a new trial, defendants appeal.

Plaintiffs' claim of title, as alleged in the complaint and found by the court, is as follows: Patent from United States to Hugh Compton, dated April 20, 1867, describing the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 13 township 92, range 52, which includes the premises in dispute On the 11th day of December, 1866, Compton and wife conveyed all of

said property by warranty deed to Jacob Deuel, who on June 5, 1867, conveyed the same, by a like instrument to Jefferson P. Kidder; and he, on the 1st day of the following November, conveyed said premises by warranty deed to Cyrus Snyder, who, on the 10th day of March, 1870, surveyed and platted a portion of the tract as Snyder's addition to Vermillion, which said plat contains, among other descriptions, lots 8 and 9 of block 36, being the identical property which said Snyder sold and by warranty deed conveyed on the 22d day of June, 1872, to Enoch C. Gray, by whom said lots were again sold and conveyed on July 1, 1872 to Thomas C. McDowell; but, by mutual mistake of the parties, the warranty deed thereof was executed in the name of I. C. McDowell. instead of Thomas C. McDowell the grantee above named. On the 14th day of September, 1885, Thomas C. McDowell, in and under his true name, sold and conveyed the property in question to H. B. Chaffee, the immediate grantor of plaintiff G. T. Salmer, as shown by a deed executed and delivered on the 10th day of February, 1890. All the foregoing instruments, including the plat, were duly recorded in the office of the register of deeds. The defendant the Lansing Lumber Company occupies under a lease, but claims no interest in the premises; and the defendant A. H. Lathrop, to defeat plaintiffs' action, relies upon possession under a tax deed of the lots, executed and delivered to him by the treasurer of Clay County, in which the property is situated, on the 14th day of November, 1894, at which time he went into actual and continued possession thereof. After commencing this action against the defendants, which was instituted in the name of G. T. Salmer, as the only plaintiff and the real party in interest, the deposition of Charles Boone, Jr., was regularly taken, to be used in plaintiffs' behalf at the trial; and the same was inclosed in a sealed envelope, containing the title of the cause, name of the officer taking the same, and the address of the clerk of the court in which the action was pending and to whom said deposition was transmitted, as required by section 5292 of

the Compiled Laws. Subsequently plaintiffs' counsel applied to the court, and obtained an order by which they were allowed to amend the complaint by nominally making T. C. McDowell and H. B. Chaffee additional parties plaintiff. When the cause came on for trial, the court overruled defendants' motion to suppress this deposition, made and based solely upon the ground that the envelope in which the same was transmitted did not contain an indorsement of the title of the action as it then existed, and this ruling of the court is assigned and urged as error. By bringing McDowell and Chaffee into the action as plaintiffs, by way of amendment, after the deposition was taken and transmitted, in an envelope, at the time properly indorsed, the defendants were in no manner prejudiced; nor were the issues tendered materially changed by the complaint subsequently filed, and upon which the action stood for trial.

Were the contention of counsel for defendants tenable, every immaterial change in the title of an action, made pursuant to an order of the court by way of amendment, substitution, or intervention after taking a deposition, and before trial, would be sufficient to exclude all evidence thus procured, though otherwise subject to no objection. "Statutes directing that the envelope or wrapper covering a deposition shall be indorsed with the style of the cause and otherwise have been liberally construed, the prevailing object being only to preserve the purity of the deposition." 6 Enc. Pl. & Prac. p. 535. Under a system which, looking to substance rather than form, requires courts to disregard trivial errors or informalities, and, to promote justice, allows liberal amendments as to parties, a deposition taken in a cause, and relating to the subject matter upon which the action is based, should not be suppressed, at the instance of parties defendant, for the sole reason that the title of the cause as instituted, and as the same existed at the taking of said deposition, is found to be indorsed upon the sealed envelope in which the same was transmitted, instead of the title as subsequently amended, and containing the names of

additional, though disinterested, parties plaintiff. Holmes v. Boydston, 1 Neb. 346, Weatherby v. Brown, 106 Mass. 338; Ryan v. O'Connor, 41 Ohio St. 368; Pio Pico v. Cuyas, 47 Cal. 174; Vincent v. Conklin, 1 E. D. Smith, 203. The only reasonable and well settled rule is that where pleadings have been amended by the addition or substitution of parties plaintiff, requiring a change in the title of the action subsequent to the taking of a deposition, the same may be read as against original defendants, provided the issues remain the same and the testimony is alike applicable thereto after as well as before the change was effected.

To the reading of this deposition of Charles Boone, Jr., taken in narrative form, counsel for defendants interposed numerous objections, principally upon the ground that the testimony offered is "incompetent. immaterial and irrelevant, and no proper foundation is laid for it, and as stating a conclusion of the witness, and that it is hearsay evidence." There being no question substantively at issue as to the identity of the property in dispute, and that fact being clearly established by the undisputed testimony of another witness, that portion of the deposition with other evidence relating to the same subject, and the objections of counsel to its introduction may safely be considered generally in determining questions of evidence relative to the alleged mutual mistake in the execution of the deed by Enoch C. Gray, in which I. C. McDowell was named as grantee instead of Thomas C. McDowell, the real purchaser and party with whom the transaction was had. Upon this subject, Mr. Boone, who is a brother in-law of the grantor, Enoch C. Gray, and who placed his name upon the McDowell deed as a witness to its execution, testified over the objection of counsel, in substance and effect as follows: "I knew Enoch C. Gray in his lifetime. * * * He died October 15, 1885. * * * I was also personally acquainted with Thomas C. McDowell, * * * and I have had many conversations with him. I remember Mr. McDowell making a deal (I mean Thomas C. Mc-

Dowell) with Mr. Enoch C. Gray for some lots in the town of Vermillion, Dakota territory. The facts and circumstances of the transaction are within my personal knowledge. It came about in this way: Mr. Thomas C. McDowell had an old land warrant which he sent Mr. Enoch C. Gray (then at Eden, Dakota territory), to locate for him; and Mr. Gray finally traded him three lots in the town of Vermillion for it; and on July 6, 1872, Mr. Gray executed a warranty deed to Mr. Thomas C. McDowell for these lots, which deed I signed as a witness, and which original deed is hereto attached and made a part of my deposition. The signature of Charles Boone, Jr., thereon written is my signature written at the time. I known of my knowledge that the person to whom Mr. Enoch C. Gray conveyed the lots or lands described in this deed (marked 'Exhibit A') was T. C. McDowell. His full name, as I have heretofore said is Thomas C. McDowell, then living and keeping store at Spring Mill, Montgomery county, Pennsylvania. I have often been in Vermillion, and looked at these lots. I was asked by Mr. Thomas C. McDowell to pass an opinion as to their value. Mr. McDowell afterwards moved to Port Walthall, Chesterfield county, Virginia. I have had correspondence with him both while he was living at Spring Mill, Montgomery county, Pennsylvania, and after he moved to Virginia. I have written letters to him, and received letters from him in answer to mine. I am well acquainted with his signature. In making a capital 'T' he made it very much like a capital 'I' or 'J'; and, from my knowledge of his signature, I would say that the signature of Thomas C. McDowell to the quitclaim deed hereto attached, and marked 'Exhibit B,' is the signature of T. C. McDowell, who lived at Spring Mill in 1872, and the man to whom Mr. Enoch C. Gray conveyed the lots described in the deed, marked 'Exhibit A,' hereto attached. * * * The best of my recollection is that the deed was sent to Vermillion, and placed on record before it was sent to Mr. McDowell, who was then in Montgomery county, Pennsylvania, and that Mr. McDowell did not see it until it was recorded,

and that he had no opportunity to correct it before it was recorded."

In our opinion, the foregoing testimony was properly admitted, and, being undisputed, is sufficient to sustain the finding that, at the time designated, the said Enoch C. Gray "made, executed and delivered to the plaintiff Thomas C. McDowell, under and by the name of I. C. McDowell, a warranty deed for said premises, said latter name being written in said deed by mutual mistake of the parties, and said deed being intended to convey title to said Thomas C. McDowell." A proper foundation was laid for the evidence, which is not hearsay in character, and appears to be the best of which the case in its nature is susceptible. No claim is made that any person by the name of I. C. McDowell ever existed, and it is conclusively shown that by using the initials "I. C." instead of "T. C.," the grantor intended to convey the property by warranty deed to Thomas C. McDowell, to whom such deed was delivered, and who paid the purchase price, exercised the rights of ownership over, and finally sold and conveyed, the premises in his true name, to the grantor of plaintiff Salmer. In Andrews v. Dyer (Me.) 16 Atl. 405, it was held that parol evidence is admissible to show that by Mercy A. Andrews, named as grantee in a deed, Mellissa A. Andrews was meant; and in the case of Staak v. Sigelkow, 12 Wis. 234, the court say: "Though a deed be made to a party by a wrong baptismal or Christian name, the grant is good and the title vests in the intended grantee. The uncertainty as to the person of the grantee does not in such case appear upon the face of the deed, but is caused by extrinsic evidence, and is therefore susceptible of explanation or removal by parol proof."

For the purposes of this case, and in the absence of anything to justify a different view, the execution of the deed by Gray before witnesses, with intention that Thomas C. McDowell should thereby become the owner of the property and the delivery of the deed with like intent, when considered with the

facts and circumstances heretofore mentioned, are sufficient evidence of a delivery of that instrument, and counsel's contention to the contrary is not tenable. Tied. Real Prop. § 813; Glaze v. Insurance Co. (Mich.) 49 N. W. 595; Martz v. Eggemann, 44 Mich. 430, 6 N. W. 873; Brown v. State, 5 Colo. 496; Warren v. Swett, 31 N. H. 332.

Though not materially essential to the case as made by the pleadings, we have carefully considered the testimony of the witness Cyrus Snyder, who formerly owned and caused the addition to which the premises in dispute are situated to be platted, and who produced at the trial a recorded plat thereof, which was introduced in evidence over the objection of counsel for defendants; and we are firmly convinced therefrom that they would have no just cause to complain of the competency and sufficiency of such evidence had the identity of the property been directly made one of the issues in the action. We therefore conclude that under no theory of the case · were the defendants ·prejudiced by any ruling of the court upon objections offered to the introduction of testimony under the complaint, and that the evidence sufficiently shows that plaintiff G. T. Salmer is entitled to the property, together with the rents and profits, as found by the court, unless title thereto was divested by the defendant Lathrop's tax deed, under which he went into actual and continuous possession on or about November 14, 1884, and by virtue of which he claims to be the absolute owner of the premises.

It appears from a certificate of sale put in evidence by defendants and made a part of the record, that the property was sold for the taxes of 1881 to the defendant A. H. Lathrop, on the 2d day of November, 1882, at private sale, the same having been offered at public sale, and not sold for want of bidders; and the tax deed executed thereon November 14, 1884, and under which said Lathrop claims title, recites that the purchase and sale was at public auction at the door of the court house, on the 2d day of November, 1882, and that both lots were sold

as a single tract or parcel, for a gross consideration. Under Sec. 62 of Chap. 28 of the Revision of 1877, as amended by Chap. 49 of the Session Laws of 1879, being the law governing the treasurer in this instance, all lands, town lots, and other real property upon which taxes for the preceding year are delinquent must be offered for sale at public auction at a place designated, on the first Monday of October in each year, between the hours of 9 o'clock a. m. and 4 o'clock p. m., which sale may be adjourned from day to day, until all of said property has been offered. On or before the first Monday in November, immediately following, the treasurer was required to file with the county clerk a return of tax sales made as above provided; and in this case the court found that although the sale commenced on the 2d day of October, 1882, and closed on the 11th day of that month, as shown by the treasurer's return, filed during said month, "said lots eight and nine (8 and 9) of block thirty-six (36) of Snyder's addition to Vermillion were not reported in said return as sold." Obviously, a sale of the property at public auction, as recited in the deed, on the 2d day of November, 1882, was without authority of law; and counsel for respondents maintain that the deed is void upon its face for that reason, and for the further reasons that the two lots appear therefrom to be sold in one tract or parcel for a gross consideration, and that the deed is not attested by the treasurer's official seal, as required by Sec. 74 of Chap. 28 of the Revision of 1877, being Sec. 1639, of the Compiled Laws, which specifically provides the form for a tax deed that "shall be conclusive evidence of the truth of all the facts therein recited, and *prima facie* evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to the execution of the deed." The deed thus prescribed concludes as follows: "In testimony whereof, the said .C. D., treasurer of said county of ——, has hereunto set his hand and seal, on the day and year aforesaid. ————. [Seal.] Attest: ————." Among the facts recited of which the deed is con-

clusive evidence is that lots 8 and 9 of block 36 in Snyder's addition to Vermillion, which the statute (Secs. 1593 and 1595, Comp. Laws) required to be assessed separately, were sold as one lot or parcel, for the gross consideration of $3.48, at public auction, at a date upon which such sale could not be legally held; and to thus group lands separately assessed, though belonging to the same person, is incompetent and the sale void. Cooley, Tax'n, 493; Black, Tax Titles, 26, and numerous cases there collated. At page 401 of the work last named, the author recurs to the same principle, as he observes: ''For the purpose of stating that if the tax deed, by its recitals, discloses a sale after this fashion—if it embraces several distinct tracts, purporting to have been sold *en masse* for a gross consideration— it is void upon its face.'' Hall's Heirs v. Dodge, 18 Kan. 277; Pettus v. Wallace, 29 Ark. 476; Ferguson v. Heath, 21 Iowa 438; Terrill v. Groves, 18 Cal. 149; Wambole v. Foote, 2 Dak. 1, 2 N. W. 239. ''Where the statute prescribes the particular form of a tax deed, the form becomes substance, and must be strictly pursued, or the deed will be void.'' Grimm v. O'Connell, 54 Cal. 522; Black, Tax Titles, 395. ''A rule of primary importance is that the execution of a tax deed must conform strictly to the statute; that is, any direction which the law may give in regard to its signature, seal, witness, or acknowledgment must be duly complied with, or the conveyance will be invalidated.'' Black, Tax Titles, 392. It seems to be well settled that all legislative enactments appertaining to proceedings to transfer and divest title to real property for nonpayment of taxes must receive a strict construction, and, in the absence of a statute affording relief, the doctrine of *caveat emptor* is applied to purchasers at tax sale. American Inv. Co. v. Beadle Co., 5 S. D. 410, 59 N. W. 212. In Lockwood v. Gehlert, 127 N. Y. 241, 27 N. E. 812, under a statute authorizing the city comptroller to convey land, and divest the title absolutely under a sale for taxes, and requiring said officer to certify ''under his hand and seal'' that the money required for redemption has not

been paid, it was held that "a freeholder cannot be divested of his land under the taxing power of the state, unless the procedure prescribed, construing strictly the statute, is substantially complied with," and that the "certificate, to be effectual to transfer the title, must be sealed as well as signed by the comptroller, and the seal must be affixed by the comptroller who signed it." While the Nebraska court has uniformly held, under a statute similar to ours, and a form for a tax deed requiring, in identical language, the treasurer to attest such instrument by his seal, that the seal of his office is meant, and that its omission renders a tax deed void upon its face, we find it unnecessary to determine the point, and cite, without comment, Reed v. Merriam, 15 Neb. 323, 18 N. W. 137; Sutton v. Stone, 4 Neb. 319; Baldwin v. Merriam, 16 Neb. 199, 20 N. W. 250; Gue v. Jones, 25 Neb. 634, 41 N. W. 555.

The view we have taken leads to the conclusion that the tax deed upon which the defendant Lathrop relies is void upon its face, because the indisputable recitals of the instrument conclusively show that two distinct and separate town lots were exposed and sold at public auction as one tract or parcel, for a gross consideration, at a time when such property could not be sold for delinquent taxes at public sale. The deed, though recorded more than three years previous to the commencement of the action, being void upon its face, does not set in operation the statute of limitations, or render the defendant's actual possession thereunder sufficient to create an' interest adverse to that of the plaintiff. As the conclusive recitals of such recorded deed perpetuate all competent evidence that the instrument is a mere nullity, no legal right can accrue to the grantee named, and no reason exists for the commencement of a suit within three years to defeat a claim based thereon. Says Mr. Black: "The provision of a statute of limitations, to the effect that an action for the recovery of real property sold for taxes can only be commenced within a certain number of years from the date of the recording of the deed, will not run in favor of a

tax deed that is void upon its face, even when the land intended to be conveyed by the tax deed has been in actual, open, and notorious possession of the holder of the void deed during the whole of the statutory period." To the same effect, see, also, Heger v. DeGroat, (N. D.) 56 N. W. 150; Hall's Heirs v. Dodge, *supra*, Daniels v. Case, 45 Fed. 843; Nichols v. McGlathery, 43 Iowa 189; Towle v. Holt, 14 Neb. 221, 15 N. W. 203; Hurd v. Bresner, 28 Pac. 371; Pearce v. Tittsworth, 87 Mo. 635; Sheehy v. Hinds, 27 Minn. 259, 6 N. W. 781; Coulter v. Stafford, 6 C. C. A. 18, 56 Fed. 564; Redfield v. Parks, 132 U. S. 239, 10 Sup. Ct. 83.

Plaintiffs' recovery of the property, under the judgment of the trial court, is conditioned upon the payment of $101.50, taxes paid by the defendant Lathrop, together with accrued interest on that sum, which conclusion we regard as equitable in the premises, and as favorable to the defendants as a fair construction of the statute (Comp. Laws, § 1640) providing for the payment or tender of taxes and interest as a condition precedent to the commencement of the suit, will justify, when construed with Sec. 1643, requiring the court, in cases like the present, to ascertain the just amount of taxes due, and render judgment therefor against the taxpayer, when found to be the owner of the land included in a tax deed adjudged to be void. Under allegations and proof that the defendants' claim of title is without foundation in fact or in law, and the deed upon which he relies is void upon its face, no payment or tender is necessary. Clark v. Darlington (S. D.) 63 N. W. 771; Power v. Larabee, 2 N. D. 141, 49 N. W. 724; O'Neil v. Tyler, 3 N. D. 47, 53 N. W. 434.

All controlling questions have been carefully considered, and, if we are right in the view taken, other points incidentally discussed in the briefs of counsel are not essential to the conclusion reached. The judgment appealed from is affirmed,