## STODDARD V. LYON *et al.*

1. In an action to enforce a mortgage it was error to admit in evidence without proof of execution the note secured by the mortgage, where defendant denied its due execution.

2. Code Civ. Proc. § 126, requires the answer to contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. A complaint to enforce a mortgage averred in the first paragraph the execution and delivery of the mortgage note. The answer of a defendant who claimed under a tax title denied that he had any knowledge or information sufficient to form a belief as to whether any of the allegations in such paragraph were true. Held, that there was no presumption that such defendant had any knowledge as to the execution of the note, and the answer was sufficient to raise the issue of its execution.

3. Possession by plaintiff of a mortgage note was not sufficient proof of its due execution in an action to enforce the mortgage in which the execution of the note was denied.

4. In an action to foreclose a mortgage, in which no judgment was demanded against the makers of the note which the mortgage was given to secure, it was essential to plaintiff's cause of action that the note be produced in evidence.

5. The note being necessary, its admission without proof of execution was not harmless error.

6. An assessment roll was properly headed as to townships, county, etc., and across the tops of the columns were the words and letters: "Name of owner. What part N. E. N. W. S. E. S. W. Sec. or Lot. Twp. or Block. Range. Acres." In the first column was placed the name of the owner. Underneath the letters "N. E." were ditto marks, and under the columns for Sec., Twp., Range, and Acre were placed, respectively, the numbers "21," "105," "68," "160." Held to constitute a valid assessment of the northeast quarter of section 21.

7. Where any person looking at an assessment roll would have at once concluded that a certain quarter section in a certain range and township

was assessed to a certain person, who was its owner, the assessment was sufficient.

8. Where an assessment was sufficient to give the. officer jurisdiction to levy the tax and sell the land for its nonpayment, and the tax deed had been of record for more than three years, it could not be avoided for mere irregularity in the tax proceedings under Pol. Code, § 2214, providing that no action shall be commenced to recover land sold for taxes or to avoid such deed unless within three years after the recording of the deed.

9. An action to enforce a prior mortgage lien was, in effect, an action to avoid the tax deed.

(Opinion filed June 11, 1904.)

Appeal from circuit court, Brule county; Hon. F. B. SMITH, Judge.

Action by Marcus L. Stoddard against Henry W. Lyon, James A. Smith, and others to foreclose a real estate mortgage. From a judgment for plaintiff, defendant Smith appeals. Reversed.

*James Brown*, for appellant.

*Preston & Hannett*, for respondent.

CORSON, P. J. This is an action to foreclose a mortgage executed by the defendants Henry W. Lyon and Libbie Lyon, his wife, to the defendant George W. Lumley, and assigned by him to the plaintiff. Lumley, subsequently to the execution of the note and mortgage and their transfer by him to the plaintiff, became the owner of the property. The defendant James A. Smith claims the property by virtue of a tax deed executed to him by the treasurer of Brule county March 9, 1899, for the delinquent taxes of 1895, and for which the property was sold in 1896, and alleges that said tax deed has been of record more than three years, and pleads the statute of limitations as a de-

fense to the foreclosure of the mortgage. So far as the record discloses, Smith is the only defendant appearing in the action. The plaintiff, in his reply to the answer of the said Smith, admits that the land described in the plaintiff's complaint was subject to taxation for the year 1895; admits that the said tax deed has been recorded more than three years, and that no action has been instituted to cancel said deed, and that the plaintiff has not deposited in court for the benefit of the said Smith, the defendant herein, any amount whatever. For a further reply plaintiff avers that there was no assessment made of the property described in the said tax deed for the year 1895; that no notice of sale of the said real property for taxes was given and published as required by law in the year 1896; that the county treasurer of said Brule county made no return of sale of the said property in the year 1896, as required by law; that no notice was served upon the owner of the said land, and upon the person in whose name the same was taxed, and upon all persons having an interest therein, after the expiration of two years from the alleged date of the said treasurer's tax sale, that the right of redemption from said sale would expire and the deed of said property be made at the expiration of 60 days after said alleged notice. Plaintiff further alleges that by reason of the said proceedings hereinbefore stated said alleged tax deed is void, and that the alleged proceedings, including the assessment and sale, and the assigning of the said certificate of sale, and the execution of the said alleged tax deed therefor, were and are void and of no effect. The case was tried to the court without a jury, and it found, among other things, the facts substantially as set out by the plaintiff in his reply, and from its findings the court concludes that the de-

18 S. D.—14

fendant James A. Smith has no right, claim, lien, or equity of redemption in the said mortgaged premises, or any part thereof; that his alleged deed is absolutely void, for the reason that there was no assessment made of the premises in the year 1895; that no description of the said real estate appears upon the original tax list for the year 1895; that no notice of sale of the said real estate for taxes delinquent in 1895 was given and published in the year 1896; and that no return of any sale of said property in 1896 was made by the county treasurer of Brule county; and that the plaintiff was entitled to a foreclosure of his mortgage, and a sale of the mortgaged premises to satisfy the same.

The first question presented is, did the admission of the promissory note described in the complaint over defendant Smith's objection that there was no evidence offered or given proving or tending to prove its execution by Lyon and wife constitute reversible error? It is contended by the appellant that it was incumbent upon the plaintiff to prove the signatures of Lyon and wife to the note before it was admissible in evidence, as its execution and delivery were denied by the answer. It is contended by the respondent that the action was not to recover a money judgment against Lyon and wife, but only for the purpose of foreclosing a mortgage, and the mortgage being admissible in evidence for the reason that it had been duly recorded, and by the terms of the mortgage the amount secured thereby was agreed to be paid, proof of the genuineness of the signatures of Lyon and wife was not necessary. We are inclined to take the view that the appellant is right in his contention, and that it was error for the court to admit the note in evidence over the objection of the plaintiff's

counsel calling the attention of the court specifically to his objection to the admission of the same. The recital in the record is that on the trial the following proceedings were had: Plaintiff offered in evidence the note sued upon in this action, dated November 17, 1888. purporting to have been signed by Henry W. Lyon and Libbie Lyon, payable to George W. Lumley, or bearer, October 1, 1893; to which the efendant Smith objected on the ground that no foundation had been laid for the introduction of the note, there being no proof of its execution. Objection overruled, and the defendant excepted. It will thus be seen that the attention of the court and counsel was called directly to the specific objection that there was no proof of the execution of the note by Lyon and wife. The rule seems to be well settled that in states where the law has not been changed by statute the party offering in evidence an unrecorded instrument, the execution and delivery of which has been denied by the opposing party, must, if objection be made, prove the genuineness of the purported signatures to the instrument. In paragraph 1 of the complaint it is alleged that Lyon and wife executed and delivered to Lumley their promissory note in writing, describing the same. Defendant Smith, in his answer, denied that he had any knowledge of information sufficient to form a belief as to whether any of the allegations contained in paragraphs 1 to 10 inclusive, of the plaintiff's complaint, were true. Section 126 of the Code of Civil Procedure provides: "The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. * * *" There is no presumption in this case that the defendant had any knowledge

or information in regard to the execution of the note, or the genuineness of the signatures of the parties who purported to sign it, and hence the answer was sufficient to raise an issue as to the execution and delivery of the note. The burden of proof in such issue therefore was upon the plaintiff, and until he had established the fact that the purported signatures of Lyon and wife were their genuine signatures, the note was not admissible in evidence.

It is claimed by the respondent that the possession of the note by plaintiff was sufficient. Such possession would probably be sufficient to establish the delivery of the note after proof of the genuineness of the signatures, but possession would not prove or tend to prove the genuineness of the signatures. Mr. Greenleaf, in his work on Evidence, in speaking of the proof required in certain cases, says: "After the note or bill is produced, the next step is to prove the signature of the defendant, where, by the nature of the action, or by the state of the pleadings, or the course of the court, this proof may be required." 2 Greenl. § 158. In the case at bar the state of the pleadings required such proof, for, as before stated, the execution and delivery of the instrument had been denied by the defendant. Baker v. Warner, 16 S. D. 292, 92 N. W. 393. The learned counsel for plaintiff have sought to draw a distinction between the case last cited and the case at bar, but, in our opinion, there is in fact no distinction between the two cases. In that case the execution of the indorsement was denied by the defendant, and this court held that after such a denial it was necessary for the plaintiff to prove the signature of the endorser. The court, in its opinion, says: "It is contended that the court erred in receiving the three notes sued upon in evi-

dence, for the reason that it was not shown that the indorsement purporting to have been made by the payee was in his handwriting; and that the court erred in not directing a verdict in favor of the defendants, for the reason that there was no evidence tending to show that the plaintiff was the owner of the notes in suit.  \*  \*  \*  It is alleged in the complaint that each of the notes was indorsed by the payee named therein. Defendants deny each and every allegation,  \*  \*  \*  except such as are specifically admitted in the answer. Nowhere in the answer is the indorsement of the notes by the payee admitted. Therefore the fact of their endorsement by him was a material issue under the pleadings.  \*  \*  \*  We think the notes should have been excluded when offered, and that the court should have directed a verdict in favor of the defendants on the ground that the plaintiff failed to prove any transfer of the instrument sued on." It will thus be seen that the law laid down in that case is applicable to the case at bar, and should rule the decision in this case.

It is further insisted by the respondent that, as the action was simply to foreclose the mortgage, and no judgment was demanded against the makers of the note, the note was not essential, and that the court could have rendered judgment of foreclosure upon the mortgage itself, and the error, therefore, if the note was erroneously admitted, would not affect the judgment. This position is untenable. The introduction of the note in evidence at the trial and proof of the genuineness of the signatures of the makers was essential to a recovery in the action. Bergen v. Urbahn, 83 N. Y. 49. The admission of the note, therefore, in evidence, without proof of the genuineness of the signatures of the makers, was clearly error.

It is further contended by the appellant that the proceedings in the listing and assessing of the property was sufficient under the statute, and constituted a valid assessment; that his tax deed was regular in form, and valid, and vested the title of the property in him; and that the finding of the court that there was no assessment of the property for the year 1895 was not supported by the evidence. We are of the opinion that the appellant is right in his contention.

The assessment for the year 1895 was made as appears by Exhibit F, as follows:

"F."

Real Property Assessment of the Township of Lyon, County of Brule, South Dakota, 1895.

| Name of Owner. | Description | | | | | | | | Value of structures on land or lot | Value of lands or lots exclusive of structures | Assessor's value of lands or lots including structures | Total value as equalized by county board | Total value as equalized by state board |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | What Part | | | | | | | | | | | | |
| | N. E. | N. W. | S. E. | S. W. | Sec or Lot | Twp. or Block | Range | Acres | | | | | |
| | | | | | | | | | Dollars | Dollars | Dollars | Dollars | Dollars |
| Geo. W. Lumley | " | | | | 21 | 105 | 68 | 160 | 15 | 350 | 365 | 518 | |

It will be noticed by the assessment roll that it was an assessment for the township of Lyon, and that under the head of the description of the property are the letters "N. E.," "N. W.," "S. E.," and "S. W.," and that opposite the name of Lumley in the column appear ditto marks under the heading "N. E." For the purpose of this opinion the letters "N. E." may be regarded as appearing in the proper column oppo-

site the name of Lumley. It clearly appears from the heading, therefore, that the section is divided into four parts, and the letters "N. E." will readily be understood by any person of ordinary intelligence as meaning the northeast quarter of the section named therein, especially as the number of acres given is 160, the number of acres ordinarily embraced in a government quarter section. The letters "N. E.," therefore, in connection with section 21, township 105, range 68, number of acres 160, constitutes, in our opinion, a valid assessment of the northeast quarter of that section.

The question of what description constitutes a valid assessment of property was very fully considered by the Supreme Court of Michigan in the late case of Auditor General v. Sparrow, 116 Mich. 574, 74 N. W. 881. In that case the letters "N. E.," "N. W.," etc., were regarded as a sufficient description. The court, in an able and exhaustive opinion, says: "It is contended that these are not valid descriptions, and counsel cites cases from Minnesota in support of the claim. An examination of the case of Keith v. Hayden, 26 Minn. 212, 2 N. W. 495, will show that it does not cite an adjudicated case, while that of Power v. Bowdle, (N. D.), 54 N.W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511, merely follows a former decision by the same court, viz., Power v. Larabee, 49 N. W. 726, 2 N. D. 141. The opinion in Power v. Larabee cites Keith v. Hayden, supra; Williams v. Land Co., (Minn.), 21 N.W. 550; Black, Tax Titles, § 38; and Cooley, Tax'n, p. 404. On examination of these authorities we find that in none of them is there a decision upon similar descriptions, except the case of Keith v. Hayden. * * * In discussing the question of the requisite accuracy of description, Mr. Justice COOLEY says: 'A more satisfactory rule

would seem to be that the designation of the land will be suf-
ficient if it affords the means of identification, and do not posi-
tively mislead the owner, or be calculated to mislead.' See,
also, Tallman v. White, 2 N. Y. 76. In Black's Tax Titles, §
223, it is said: 'The test is this: Is the description sufficient
to identify the land. and give notice to the owner of its assess-
ment, or is it so defective that it might probably mislead the
owner? And parol evidence will be admitted to aid latent am-
biguity.' In this case the columns are indicative of the section,
town, and range, and the number of acres, and, in case of resi-
dents, the name of the owner. The first description contains
the abbreviation: 'N. E.—N. E., Sec. 1, town 45, range 44, 40
acres.' Below it follow successively other descriptions, under
the same sections, town, and range, which are not repeated.
Who can doubt that this was intended to cover land on the
same section? And it is just as apparent that 'N. E.—N. E'
means 'northeast of the northeast.' That it means 'northeast
quarter of the northeast quarter' is obvious, not alone from
the number of acres, but because all of the other portions of
the northeast quarter follow, and, with the first description,
complete the number of acres in the quarter section." It will
not be seriously claimed, we apprehend, that Mr. Lumley, or
any other person, interested in ascertaining whether or not the
quarter section in controversy had been assessed, would have
been misled or left in doubt as to such an assessment after an
examination of the assessment roll in this case. In our opin-
ion, any person looking for the assessment of the property in
controversy would, upon an examination of the assessment
roll, have at once concluded that the northeast quarter of sec-
tion 21 in the township and range mentioned was assessed to

Geo. W. Lumley, its reputed owner. Such being the case, the description of the property was clearly a sufficient compliance with the requirements of the statute, and conferred upon the taxing officers jurisdiction to levy the proper taxes thereon, and upon the treasurer authority to sell the same in default of payment, and to execute a treasurer's deed vesting in the purchaser the title to the said property. The taxing officers having jurisdiction to assess and levy taxes upon the property and the treasurer authority to sell and convey the same in default of the payment of the tax or a redemption from the sale, and the tax deed having been of record more than three years prior to the institution of the action, such deed could not be avoided by mere irregularity in the tax proceedings, and all parties are estopped from impeaching the deed or the proceedings upon the ground of mere irregularity if such there was in the proceedings. Section 2214 of the Political Code provides: "No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed, and not until all taxes, interests, and penalties, legal costs and expenses, shall be paid or tendered by the parties commencing such action. * * *" This action is, in effect, an action to avoid a tax deed by enforcing a mortgage lien against the property.

It is insisted by the respondent that under the decision in Turner v. Hand Co., 11 S. D. 348, 77 N. W. 589, the assessment in this case is clearly insufficient upon which to base tax proceedings and the tax

deed.    But, in our view, there is a marked distinction between that case and the case at bar, as will be noticed upon an examination of the descriptions in the assessment rolls in the two cases.  It will be observed that in the assessment given in the Turner case there was no heading indicating the subdivision of the section as found in the case at bar, and that there is an unintelligible combination of symbols in the place of well-defined headings.   It may be proper to remark that the court went as far in that case in holding an assessment invalid as it is inclined to go.   In our opinion, therefore, the trial court was not warranted by the evidence in finding that there was no assessment of the property in controversy for the year 1895, and the finding is unsupported by the evidence.    The court's conclusion, therefore, that the property was not assessed for that year, and that the proceedings, including the tax deed, are for that reason void, was clearly erroneous, and for the errors herein pointed out the judgment of the court below must be reversed.

There are a number of other questions presented by the record, but in the view we take of the case we do not deem it necessary to consider or discuss them in this opinion.

The judgment of the court below and the order denying a new trial are reversed, and a new trial is granted.