JACKLEY, Respondent, v. ROBINSON et al
(ROBINSON, Appellant).

(168 N. W. 863).

(File No. 4102. Opinion filed Sept. 6, 1918. Rehearing denied November 4, 1918.)

(1).  **Taxation—Township Assessment of Realty, Omission of Township and Range Number—Indefinite Assessment—Three-Year Limitation Re Tax Deed, Whether Applicable.**

Where a township assessor's assessment roll listed an alleged quarter section of land as NE¼, Sec. 24, without designating congressional township and range, which description was immediately below a description of a quarter section as Sec. 23, Twp. 112, R. 80, there being no ditto marks under said designation of township and range opposite said description of Sec. 24; it appearing that the civil township within which said Sec. 23 was located contained parts of four congressional townships including two sections 24, held, that, in view of Laws 1891, Ch. 114, Sec. 74, and Laws 1897, Ch. 28, Sec. 72, in force when said assessment was made but which, while requiring the county tax list and duplicate to describe farm lands in numerical order beginning with lowest numbered section in lowest numbered township and range, etc., contained no such provision wherein said laws referred to the township assessment list, said description of Sec. 23 was so indefinite and uncertain as to come within rule that it was calculated to mislead; hence the contention of alleged land owner that a tax deed based upon said assessment was within the operation of the three-years' statute of limitation (Pol. Code, Sec. 2214), should prevail. Whiting, P. J. dissenting.

8—Vol. 41, S. D.

**(2). Taxation—Assessment of Realty—Listing in Non-Owner's Name—Assessment Roll, Tax Duplicate, Distinguished—Statute.**

> Pol. Code, Sec. 2215, providing that tax sale shall not be invalid because of listing of property on (treasurers') tax duplicate in any other name than rightful owner ,is not applicable to an assessor's assesment roll; therefore the rule which, under a statute requiring that numerical order as to township and range shall be observed in realty assessments, which rule would, under such a statute, be reasonable, is not applicable.

Appeal from Circuit Court, Hughes County. Hon. John F. Hughes, Judge.

Action by N. B. Jackley, against Bessie B. Robinson and another, to set aside a tax deed. From a judgment, and from an order denying a new trial, the defendant Robinson appeals. Affirmed.

*John A. Holmes,* for Appellant.

*Sutherland & Payne,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Stoddard v. Lyon, et al. 18 S. D. 207; Bandow v. Wolven, 20 S. D. 445; Cornelius v. Fergussen, 23 S. D. 187; Gibson v. Smith, 24 S. D. 541; Gibson v. Pekarek, et al., 27 S. D. 423; Lauderdale v. Pierce, 27 S. D. 460; Sec. 2214; Pol. Code.

Respondent cited:

Richardson v. Howard, 23 S. D. 86, 120 N. W. 768; Sheets v. Paine (N. D.) 86 N. W. 117; Sweigle v. Gates (N. D.) 84 N. W. 481.

GATES, J. The plaintiff brought this action to determine adverse claims as the owner of the undivided two-thirds of the N. E. ¼, section 24, township 112, range 80, situated in Peoria township, Hughes county, S. D. The defendant Robinson claimed to be the owner of the whole of said quarter section by virtue of a tax deed issued in 1910 upon a tax sale for the taxes of the year 1902, which deed was recorded on February 24, 1910. The defendant, as one of her defenses, invoked the three years' statute of limitation. Section 2214, Pol. Code. The date of the beginning of the action is not disclosed; but the parties have assumed, and we will assume, that it was begun after the expiration of three years from the date of the recording of the tax deed. Judgment was entered adjudging plaintiff to be the owner of the undivided

two-thirds of said land and canceling defendant's tax deed as to such two-thirds and adjudging the amount of the defendant's tax investment therein to be a lien thereon and ordering a sale of said two-thirds on execution if the said tax lien should not be paid within sixty days. From the judgment and an order denying a new trial defendant Robinson appeals.

The following portion of page 8 of the assessment roll made by the township assessor of Peoria township for the year 1902 was received in evidence (we omit for lack of space the columns indicating assessor's valuation and equalized value):

Real Property Assessment of the Town of Peoria
County of Hughes, South Dakota, 1902.

| Name of Owner. | Description What part. | Sec. or Lot. | Twp. or Bl. | R. | No. of acres of land. |
|---|---|---|---|---|---|
| Isaac Lincoln | SE$^4$ | 23 | 112 | 80 | 160 |
| E. Sanford | NE$^4$ | 24 | | | 160 |

The second assessment referring to section 24 is the one in question. It appeared that Sanford was a stranger to the chain of title; that the property was then owned by the "heirs of Frank Baker" under government patent; that Peoria township consisted of parts of four congressional townships; and that there were in fact two sections numbered 24 in said civil township, viz. in township 112, range 80, and in township 112, range 81.

It is contended by respondent that the above assessment was void because of the absence of the number of the township and range, and because there were no ditto marks to indicate that this property was in township 112, range 80, and therefore that the three years' statute (section 2214, Pol. Code), does not apply. It is contended by appellant that the assessment was valid, and hence that said statute does apply.

Prior to the taking effect of chapter 14, Laws 1891, and subsequent to the taking effect of Rev. Pol. Code 1903, the law required the assessor's assessment roll to describe farm lands in numerical order beginning with the lowest numbered section in the

lowest numbered township in the lowest numbered range and ending with the highest numbered section, township, and range. Section 1582, C. L. 1887; section 2101, Rev. Pol. Code 1903. Although in chapter 14, 1891, and in chapter 28, 1897, which were comprehensive acts covering the field of taxation, such a requirement prevailed in the making of the county tax list and duplicate (section 74, c. 14, 1891; section 72, c. 28, 1897), there was no such requirement in those acts nor in any other act between the years 1891 and 1903 with reference to the making of the assessor's assessment roll. Therefore at the time of making the assessment in question there was no law requiring the assessor to observe any numerical order in making his assessment roll.

[1] When we take into consideration the following facts: (a) that Peoria township consisted of parts of four congressional townships, and that a person owning land in one of the sections numbered 24 of said township who desired to investigate his assessment would have found two sections numbered 24 on the assessment roll of that civil township; (b) that the assessor was not required by law to observe any numerical order in making his assessment; and (c) that the property was assessed in the name of E. Sanford, a stranger to the chain of title—we are inclined to the view that we should hold that such original assessment was so indefinite and misleading as to take it out from the operation of the three years' statute of limitation (section 2214, Pol. Code). We do not wish to be understood that we would hold the assessment roll misleading if Peoria civil township and township 112, range 80, had been coextensive, nor if the rule of numerical order had prevailed. As to those matters we express no opinion. We hold that under the circumstances of this case the assessment was so indefinite and uncertain as to come within the rule that it was calculated to mislead as discussed in Stoddard v. Lyon, 18 S. D. 207, 99 N. W. 1116.

[2] Appellant called attention to section 2215, Pol. Code, which provides that a tax sale shall not be invalid on account of the listing of the property on the tax duplicate (the county treasurer's duplicate of the county tax list) in any other name than the rightful owner. It will be observed that this section does not apply to the assessor's assessment roll. Under the requirement that numerical order shall be observed, such a rule is founded on rea-

son, indeed such should be the rule without section 2215, Pol. Code, because in such case no one can be misled by a wrong name or by absence of name; but, in the case of the assessor's assessment roll where numerical order was not required, the reason for the rule ceased. The above conclusion renders unnecessary the consideration of the other errors assigned.

The judgment and order appealed from are affirmed.

WHITING, P. J. (dissenting). I cannot believe but that the assessment record afforded sufficient information from which any person of ordinary intelligence could ascertain the land intended to be described. Furthermore, I believe that one needed to go no further than to consider the exhibit as copied in the majority opinion to determine that the land in question was that described therein. I am of the opinion that the fact that there were four congressional townships in the civil township is immaterial, as also the fact that the statute did not direct the assessor to keep his description in any particular order. Undoubtedly the three next quarter sections of land attempted to be described in this assessment roll were the N. W., S. W. and S. E. of this same section 24. It is quite probable that, in these three descriptions the column under "24" was left blank. Although there may be three other sections "24" in Peoria township, would any one question that it was the "N. W.," "S. W.," or "S. E." quarter of any other section "24" than the one of which the above "N. E." quarter was a part, that was intended to be covered by these other descriptions? Or would any one doubt that the "N. W.," "S. W.," or "S. E." quarters were in any section other than a section "24"? What is said in Auditor General v. Sparrow, 116 Mich. 574, 74 N. W. 881, is so directly in point, under a description so analogous to the one before us, that I can do no better than to refer to the reasoning in the opinion in that case.