MORROW, Appellant, v. RIEBE, et al, Respondents.

(220 N. W. 870.)

(File No. 6110.   Opinion filed July 28, 1928.)

Amos N. Goodman, of Aberdeen, and E. J. Grover, of Excelsior, Minn., for Appellant.

W. F. Mason, of Aberdeen, for Respondents.

BROWN, J. On March 2, 1920, A. H. Riebe sold to plaintiff lot 18 of block 20 of Howard & Hedger's replat of Northwestern addition to the city of Aberdeen, but in the deed of conveyance described the premises as lot 18 of block 20 in Hagerty & Lloyd's replat of Northwestern addition to the city of Aberdeen. Plaintiff lived in Wisconsin, and did not record her deed, and did not learn of the faulty description therein until the summer of 1922, when she gave it to S. F. Grover as security for some money she borrowed from him. The deed was then sent to the register of deeds of Brown county for record, but was returned unrecorded because there was no such description of land in Brown county. Plaintiff at once got into communication with Riebe through her brother James Morrow, who lived in the neighborhood of Aberdeen. Riebe claimed that the deed was all right, but said that, if it was not, he would make it right. Morrow says that Riebe refused to make a corrected deed unless he was paid for taxes to the amount of $30 which he claimed to have paid on the lot, and a bonus of about $30. On December 12, 1921, while the legal title to the lot sold was still in Riebe, he purchased the premises at tax sale for delinquent taxes of the year 1920, and at the time of his interview with James Morrow he held the tax sale certificate, but said nothing about having purchased the property at tax sale. On the 25th day of January, 1924, Riebe assigned the tax certificate to defendant Hume. The lot was vacant, and plaintiff had not at any time since her purchase of the lot leased it or authorized any one to occupy it, but E. A. Girard, during the growing seasons, had raised some garden stuff on the lot, or part of it. On January 30, 1924, Hume caused a notice of expiration of time to redeem from the tax sale to be served on Riebe as the record owner of the premises and on Girard as the person in possession and at the expiration of 60 days from the completed service of the notice Hume took out a tax deed. Plaintiff brings this action to cancel the tax deed. The trial court found that the tax deed was valid, and, from a judgment decreeing Hume to be the owner in fee and debarring plaintiff from asserting any interest in the estate or any part thereof, and an order denying a new trial, plaintiff appeals.

In the assessment list for 1920, no name of any owner of the property in dispute was given, nor was the owner designated as unknown. The same omission occurred in the tax list and dupli-

cate.    Section 6718, R. C., provides that the assessment roll shall contain a list of all the taxable lands in the county, other than city or town lots or outlots, with the name of the owner or person listing the same, and a list of town lots and outlots in each town or city, with the name of the person listing the same.    This section contains the form for the assessment roll with a column headed "Owner," in which the name of the owner of the property assessed is required to be placed.    Section 6785, providing for notice of sale of real property for taxes, says:

"Such notice must contain a list of the lands to be sold, the name of the parties to whom they are assessed, and the amount of the taxes, both real and personal, due."

Since this lot was not assessed in the name of anybody, the notice of sale could not have contained the name of any one as being the owner or person to whom the lot was assessed, and the notice of sale must therefore have omitted an important and essential element required by the statute.    The name of the person whose property is being sold for taxes in the published notice of sale is far more likely to attract his attention and inform him that his land is being sold than mere figures giving the number of the lot and block without any name.    It is true that section 6807 provides that no sale of real property for nonpayment of taxes shall be invalid on account of its having been listed in any other name than that of the rightful owner, but this section clearly does not cover a case where no name whatever is given, and it was so held in Sweigle v. Gates, 9 N. D. 538, 84 N. W. 481, in which case it was also held that, where the statute required the name of the owner to be written in the assessment list opposite the property assessed, the omission of such name rendered the assessment invalid.    While the provisions of section 1548 of the Compiled Laws of 1887, which required the name of the owner to be given, or, if not known, that the property should be listed to unknown owners, has been omitted in subsequent legislation in this state, section 6718, requiring the assessment roll to contain the name of the owner or person listing the property opposite the description of the property, remains the same as it has always been since territorial days, and the requirement that the notice of tax sale must contain the name of the party to whom the property is assessed plainly requires that the name of some one as owner shall appear in the assessment roll.    The entire

omission of the name of the person to whom the property is taxed in the assessment roll, in the duplicate tax list, and in the notice of tax sale, in our opinion, renders the tax sale void.

Section 6825, R. C., provides that whenever, in any action, the validity of any tax deed arises, except where the property sold was not taxable, where the tax was for an illegal purpose, or where the tax was paid before the sale occurred, the action shall not proceed in favor of the party assailing the deed, unless he shall within such time as the court shall deem reasonable deposit in court, for the benefit of the party claiming thereunder, an amount equal to the sum required by law to redeem from the tax sale, together with the costs and disbursements of the action then incurred by the party claiming under the deed.

The judgment appealed from is reversed, and, on payment by plaintiff of the amount necessary to redeem, together with the costs and disbursements of defendants in the trial court, that court will enter judgment that the tax deed be canceled and that Riebe execute to plaintiff a proper deed of conveyance, containing a correct description of the property in controversy.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J., not participating.