RANDALL, Appellant, v. PERKINS COUNTY,
et al, Respondents

(36 N. W.2d 845.)

(File No. 9055.   Opinion filed April 11, 1949.)
Rehearing Denied May 18, 1949.

**Frank P. Kinney,** of Lemmon, for Plaintiff- appellant.

**F. J. Reeder,** of Lemmon, for Defendant-respondent, John Steindorfer.

**Leslie Hersrud,** of Lemmon, for Defendant, Perkins County, a Political Subdivision of the State of South Dakota, and Public Corporation.

RUDOLPH, J. This action involves the title to certain land in Perkins County. The land was sold to the county at tax sale on December 16, 1935 for the nonpayment of taxes for the year 1934. On February 28, 1941, the county took a tax deed to the premises. This deed was recorded March 13, 1941. The county sold the land at public auction to the defendant on August 5, 1943 and the deed conveying to the defendant was recorded on August 6, 1943. On March 6,

1947 plaintiff purchased the equity of the owner next prior to the tax deed. On September 23, 1947 plaintiff commenced this action to set aside the tax deed and have the title to the premises quieted in him. The defendant pleaded the three-year statute of limitations SDC 57.0903, as amended by Ch. 337, Laws of 1941, which provides: "No action shall be commenced by the former owner or by any person claiming under him, to recover possession of any real property which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed; * * *."

Trial was had and it appears without dispute that the tax deed is in all respects regular and valid upon its face. The defects in the tax proceedings which plaintiff contends render the deed void and render the three-year statute inoperative are as follows: First, that the assessment list upon which the 1934 tax was based listed Anna M. Rittler as the owner whereas it appears that one Anna M. Riter is the record owner and no where in the chain of title does the name Anna M. Rittler appear. Second, that the levy of the tax upon which the sale was based was made in mills or percentages instead of dollars, and third, that there was no service of the notice of the expiration of the right of redemption upon the person in whose name the property was taxed, namely: Anna M. Rittler.

In two recent cases this court has announced the principle that no defects in tax proceeding are excepted from the operation of the three-year statute of limitation other than those which deprive owners of their property without due process of law. Irregularities and formalities are not excepted from the operation of the statute. If it was within the power of the legislature to dispense with the requirement which the taxing officials have omitted, such a defect in the proceedings is not jurisdictional and does not deprive the property owner of his property without due process of law. "The question of due process is to be determined on 'the underlying principle that failure to do what might have been dispensed with may be cured by operation

of a special limitation'." Crilly v. Williams, 72 S. D. 423, 35 N. W.2d 401, 402; Hough v. Perkins County, 72 S. D. 236, 32 N. W.2d 632.

The first alleged defect relied upon by appellant relates to the name Anna M. Rittler appearing upon the assessment list. The record discloses that this land was owned by one Geo. M. Riter who died and left surviving his widow Anna M. Riter who was the record owner of the land. No where in the chain of title does there appear a name spelled Anna M. Rittler. It must be remembered, however, that the assessment is an assessment of the land for the tax. No doubt it is good legislative policy to require the name of the owner to be set forth on the assessment list (SDC 57.0344), but the listing of such name is not essential to the assessment of the land. It is the description of the land assessed that is essential. As stated in the case of Stoddard v. Lyon et al., 18 S. D. 207, 99 N. W. 1116, 1119, the test is this: "Is the description sufficient to identify the land, and give notice to the owner of its assessment, or is it so defective that it might probably mislead the owner?" So, it is held that where the description of the land is complete no one, including the owner, could "be misled by a wrong name or by absence of name." Jackley v. Robinson et al., 41 S. D. 113, 168 N. W. 863, 864. We, therefore, conclude apart from other considerations appearing below that the name of Anna M. Rittler appearing upon the assessment list was a mere irregularity and not a jurisdictional defect in the tax proceedings. Appellant cites the case of Morrow v. Riebe et al., 53 S. D. 330, 220 N. W. 870, but in that case the three-year limitation statute was not involved.

The second alleged defect relates to the levy of the tax being made in percentages instead of dollars. SDC 57.0505 provides that the levy of taxes made by the county commissioners shall be based upon an itemized estimate of the county expense for the ensuing year, and SDC 57.0601 provides that the county auditor shall fix the rate percent of all taxes. It is not entirely clear from the record that the levy made by the county commissioners was in percentages, but assuming that it was, such a levy would not be a juris-

dictional defect within the meaning of the rule above announced. The detail of whether the levy by the county commissioners should be made in percentages or dollars is a subject within the control of the legislature and wholly unrelated to due process. The levy was in fact made, and the failure to make the levy in dollars was an irregularity only.

■■ The third alleged defect goes to the service of the notice of intention to take tax deed. This court has held that the failure to serve such notice is a jurisdictional defect not barred by the three-year limitation. Cain v. Ehrler et al., 33 S. D. 536, 146 N. W. 694, on rehearing 36 S. D. 127, 153 N. W. 941; Ulrickson v. Ulrickson, 42 S. D. 225, 173 N. W. 742; Parker v. Norton, 71 S. D. 506, 26 N. W.2d 453. SDC 57.1119 includes among those upon whom the notice must be served the person in whose name the real property is taxed. The service in this case was properly made upon the owners of record of the real property, and all others designated by the statute, except, that it was served on Anna M. Riter, as the person in whose name the property was taxed. Anna M. Riter was also a record owner, and served as such. Appellant contends that the property was taxed in the name of Anna M. Rittler, and that the service upon Anna M. Riter did not constitute service upon the person to whom the property was taxed. We think it apparent from the entire record that the name of Anna M. Riter was simply misspelled upon the assessment list. No where in the record is it suggested or even intimated that such is not the fact. Anna M. Riter was in fact the owner of the property and under the circumstances here appearing we believe it was incumbent upon appellant to overcome that which is patent on the face of the record, i. e., that her name was misspelled on the assessment list, before asserting the invalidity of the service. We hold, under the facts here presented, that service upon Anna M. Riter was service upon the person in whose name the property was taxed.

The judgment appealed from is affirmed.

SMITH, P. J., and SICKEL and HAYES, JJ., concur.
ROBERTS, J., concurs in result.