BADER et al., Respondents, v. THORSTENSON et al.,
Appellants

(58 N. W.2d 229)

(File No. 9273. Opinion filed April 21, 1953)

**Donald D. Perry,** Mobridge, for Defendants and Appellants.

642

**Stalney R. Voas, McIntosh,** for Plaintiffs and Respondents.

LEEDOM, J. This action was brought by holders under a tax deed to quiet title to a quarter section of land in Corson County. The defendant who contested the case below and who brings the appeal here is the successor to the interest of the record owners at the time tax deed was taken. He answered plaintiffs' complaint and counterclaimed, alleging title in himself, on the ground that there had been jurisdictional defects in the taxing procedure and in the proceedings to take the tax deed. The action was started more than three years after the tax deed issued. Plaintiffs set up the three year statute of limitation, SDC Supp. 57.-0903, as a bar to the alleged defects in the tax and sale procedure. The circuit court held the tax deed valid and entered judgment for plaintiffs. We affirm that judgment.

The record on the appeal raises the following questions which we must decide:

■ SDC 57.1120, which sets forth the form of a tax deed in South Dakota, provides for a recital in the deed, following the statement that the property has been purchased for taxes, "* * * that such real property has not been redeemed from such sale; that notice of the expiration of the right to redeem from such sale has been given as required by law; that sixty days have expired since the completed service of such notice; * * *". The deed here involved does not include this language from the statute but does recite the following: "* * * and the time fixed by law for redeeming the land herein described having now expired, and the same not having been redeemed as provided by law * * *". Appellant argues that the failure to recite in the deed the quoted statutory language is a failure to recite a jurisdictional matter and that the deed is therefore void. The purpose of the statutory recital is to establish on the face of the deed the fact that one of the jurisdictional steps has actually been taken in divesting the former owner of his title, that is the notice to him of the right to redeem from the sale; and to show his failure to make redemption. The recital within this deed, though different in form, adequately fulfills this

purpose in that it necessarily implies that notice to redeem has been given and therefore is in substance the same as the statutory language. The law requires no more. See Potts v. Miller, 73 S. D. 145, 39 N.W.2d 667.

■■ Appellants contend that the description of the property is improper in the assessment roll relating to the taxes for which the property was sold. The description was entered on a ruled and printed form the columns of which provide, insofar as we are concerned, for the name of the owner, "What Part", the section or lot, the township or block, the range, and the acreage of each parcel being taxed. The description of this land was entered on line 10 of such ruled and printed form. Line 10 in the column headed "What Part" shows the description as "$S^2S^2$" and nothing more. In the column headed "Sec. or Lot" on line 10 is entered "21", in the column headed "Twp. or Block" nothing appears and there is nothing in this column for lines 2 to 9, inclusive, above but line 1 bears the numeral "19". Under the column headed "Range" there is nothing on line 10 nor on lines 2 to 9, inclusive, but on line 1 appears the numeral "24". By comparing this description to the one appearing in Turner v. Hand County, 11 S. D. 348, 77 N.W. 589, 590, appellant infers that it is a "jumble of letters and figures, confusing in the extreme". We believe however that no real question exists as to the property involved on line 10 of the assessment roll being the South half of the South half of Section 21, Township 19, Range 24. That the "19" and "24", appearing on line 1 of the "Sec. or Lot" and "Range" columns respectively, apply to all lines down through 10 is quite as certain from the composite tabulated description, as if the "19" and "24" had been repeated on each line through 10. The rule as to the adequacy of land descriptions laid down by Judge Corson in the case of Stoddard v. Lyon, 18 S. D. 207, 99 N.W. 1116, and reaffirmed in Randall v. Perkins County, 72 S. D. 497, 36 N.W.2d 845, provides a proper test: Is the description sufficient to identify the land and give notice to the owner of its assessment or is it so defective that it might probably mislead the owner? It is our opinion the description here involved is adequate under this test.

■■ The appellants also raise the question as to the adequacy of the description of the property appearing in the notice of·intention to take tax deed. There the description appears as "the S½ S½· of Section 21-19-24". The notice states that the land is that which was sold December 21, 1931 under certificate number 637 and that it is in Corson County, South Dakota. We believe that the test herein before given us to the adequacy of a description in an assessment roll is equally applicable to a description in a notice of intention to take tax deed and that under such test the description appearing in the notice here involved identifies the land and is not so defective that it "might probably mislead the owner". We believe any person claiming an interest in this land would unmistakably relate the three numbers 21-19-24 to the section, township and range respectively of the land involved.

Appellant contends that the notice given of intention to take tax deed is ineffective because (1) of the description, a matter we have already resolved against appellant, (2) it was not addressed to the owners of record and (3) a proper affidavit of the service of the notice was not filed.

■ With respect to point (2) the notice of intention to take tax deed failed to specify the names of the heirs of a deceased former owner which heirs, at the time the notice was served, actually had been determined by entry of a final decree and therefore were the owners of record. The notice rather was addressed to the decedent naming him "or the unknown Heirs, Administrators, Executors, Devisees, Legatees," of the decedent. It is not questioned in the appeal that all of the proper parties were actually served with the notice. On this point appellant relies on Hardy v. Woods, 28 S. D. 151, 132 N.W. 692, and earlier cases holding that a notice such as this must be addressed specifically to the persons to whom notice is being given. It is our view however that failure to specifically address the notice to each of the persons served, under circumstances here present, is not a jurisdictional defect in the tax deed proceedings and the three-year statute cuts off such rights as defendant might have once had. The statute, SDC 57.1119, does not state the manner in which the notice shall be addressed. We

believe the legislature, without disturbing vested rights or violating due process, could provide that such notice be addressed merely "To Whom it May Concern". If the legislature could in this or some other manner dispense with the necessity of specifically naming in the notice each person to be served, failure in this instance to name them is not a jurisdictional defect rendering inoperative the three-year statute. See Randall v. Perkins County, 72 S. D. 497, 36 N.W.2d 845, and the cases there cited.

 Under point (3) above appellant argues the affidavit of completed service of the notice of intention to take tax deed filed in the treasurer's office is fatally defective because (a) it is unsigned, (b) it contains a misnomer of one person served, (c) it fails to name the heirs of the decedent hereinbefore mentioned or to recite that they are unknown, (d) it fails to name the party in possession of the property, (e) it fails to recite which of the persons served were residents and which nonresidents, (f) it fails to recite proper service on all the said decedent's heirs, (g) it does not recite that the mailing addresses listed are last-known addresses, and (h) does not show the name of the person mailing the notices. As previously stated herein all persons required to be served with the notice were served and proof of service in each case appears in the file of proceedings to take tax deed. It is our view that none of the alleged defects (a) through (h) is a jurisdictional defect and that all are subject to the operation of the three-year statute. The affidavit in the form filed was sufficient to start the 60-day period of redemption. Here as in point (2) above the legislature might lawfully dispense with all the matters involved in the enumerations (a) through (h) by substituting for the affidavit some other means of starting the redemption period. The defects therefore are not jurisdictional. Jackson v. Barta, 74 S.D. 102, 49 N.W.2d 244; Randall v. Perkins County, 72 S.D. 497, 36 N.W.2d 845, above; and compare the holding of this court on the question of the unverified assessor's return in Bondow v. Wolven, 20 S.D. 445, 451, 107 N.W. 204, 205.

Inasmuch as we agree with the circuit court that all

alleged defects are subject to the operation of the statute of limitation the judgment entered below is affirmed.

ROBERTS, P. J., concurs in result.

RUDOLPH, SMITH and SICKEL, JJ., concur.