## RECTOR & WILHELMY CO. v. MALONEY.

1.  Under Sess. Laws 1891, Chap. 14, § 121, providing that the lawful holder of the certificate of purchase of land sold for taxes shall cause notice of the expiration of the time of redemption to be served on the person in possession, as provided by law for the service of summons, signed by him, his agent or attorney. the affidavit of service, signed and verified by the holder of the certificate, his agent or attorney, to be filed, service by a third person who is in no manner represented as the agent or attorney of the holder of the certificate is ineffective.

2.  Under Sess. Laws 1891, Chap. 14, § 121, requiring service of notice of the expiration of the time for redemption of land sold for taxes to be made either personally or by publication "on the person in whose name the land is taxed." a published notice addressed "to whom it may concern," and not containing the name of the non-resident in whose name the property was taxed, was insufficient.

3.  A statute prescribing a particular form for a tax deed must be substantially pursued or the deed will be void.

4.  A tax deed, void for want of notice, cannot be made effective by the issuance of an amended deed, without notice, more than three years after the execution of the original.

(Opinion filed December 31, 1901.)

Appeal from circuit court, Lawrence county, Hon. Joseph B. Moore, Judge.

Action to vacate and set aside a tax deed by the Rector & Wilhelmy Company against Richard M. Maloney. Conditional judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Temple & McLaughlin,* for appellant.

It is admitted (finding No. 8, abstract, page 10, folio 40) that the deed is in statutory form with the exception of the words, "and had been duly assessed and properly charged on the tax books and duplicate for the year." It is also admitted (Finding No. 10, abstract, page 14, folio 54) that another and amended tax deed was issued by the treasurer which was in the statutory form. In view of this we will not discuss whether the omission of the words above referred to were fatal to the deed or not, but simply the proposition as to whether or not the treasurer had authority to issue this amended deed, and if he did, then the amended deed is valid and it is immaterial whether the former one was or was not defective.

That the treasurer had such authority to issue an amended deed when the original is defective, for any reason, is supported by the overwhelming weight, if not by the entire authority.

Tax Titles, 440-441; Black on Tax Titles, sec. 408; Am. & Eng. Ency. of Law, vol. 25, page 677; McCready v. Sexton, 29 Ia., 304; Gould v. Thompson, 45 Ia., 450; Parker v. Sexton, 29 Ia., 421; Harley v. Street, 29 Ia., 429; Genther v. Fuller, 36 Ia., 604; Johnson v. Chase, 30 Ia., 308; Gray v. Coon, 30 Ia., 536; Finley v. Brown, 22 Ia. 538; State v. Wynn, 19 Wis. 304; Woodman v. Clapp, 21 Wis. 350; Eaton v. North, 32 Wis. 303; Douglas v. Nazum, 16 Kans. 515; Clippinger v. Fuller, 10 Kans. 377; Ide v. Finnerman, 29 Kans. 569; Carbier v. Bronson, 28 Kans., 532; Grim v. O'Connell,

54 Cal. 522; Maxey v. Claybough, 6 Ill. 26; Klokke v. Stanley, 109 Ill. 192.

We are aware that a line of cases in Iowa in which respondent will cite seem to sustain the view that the notice should be addressed to the person desired to be served. That these cases are not a strict construction of the statute, and are not well considered cases is self evident from their context. In fact, the Iowa court frankly admits it in Steele v. Murray, 45 N. W. 1030, by using this expression: "There seems in such a case as this no absolute necessity that the notice be addressed to the person to be served." The Iowa decisions then are valuable only as indicating what Judge Beck thought the statute should have contained if he had been legislating, rather than construing a statute. Our statute upon the subject (Ses. Laws 1891, page 68, sec. 121) is as follows: "The lawful holder   *   *   *   shall cause a notice to be served on   *   *   *   the person in whose name the land is taxed, if such person reside in the county where the property is situated, stating (a) the date of the sale, (b) description of the property sold, (c) name of purchaser and assignee if any, and that the right of redemption will expire and a deed for such land or lot be made within sixty days from the completed service thereof." Riley v. Phillips, 4 S. D. 604, 57 N. W. 780. The form is not material so long as the statute is substantially complied with. Iowa Investment Co. v. Shephard, 66 N. W. 451.

Again, this objection is made on behalf of the non-resident owner, and as the service on him (if any was required, which we deny) must have been by publication, it is hardly reasonable to expect that the notice as it appeared in the paper, and through which means it was served on the non-resident, would require Mr. Maloney to appear at the newspaper office each morning and sign it. The argument of respondent's counsel on this point leads to the ridiculous.

The word "sign" does not require a personal writing of the name, because signing may be by mark where some third person signs the name and the signer touches the pen at the junction of the saw buck. All the definitions of signing or signature include a mark, and no dictionary limits a signature to a written name. See Am. & Eng. Enc. of Law, vol. 2, page 21, Bail; same volume, page 318, Bills and Notes; Knox Estate, 131 Pa. State, 230; Zocharn v. Franklin, 12 Peters (U. S.) 161; Shank v. Butsch, 28 Ind 19. And a party's name printed upon the instrument with his sanction will suffice for the signature.

Mechen v. More, 54 Wis. 214; Bernard v. Haydrick, 49 Barbour (N. Y.) 62.; Schneider v. Norris, 2 M. & S. 286; Brown v. Butchers, etc., 6 Hill (N. Y.) 443; Hamilton v. State, 103 Ind. 96.

*John R. Wilson* and *Rice & Polley,* for respondent.

The notice before tax deed shall issue must be addressed to the person or persons on whom it is to be served. Black on Tax Titles, sec. 333; Steele v. Murray, 45 N. W. 1030; Slyfield v. Barnum, 32 N. W. 270; Alexander v. Pitts, 7 Cush. 503; Wall v. Wall, 124 Mass. 65.

Section 121, Laws of 1891, provides on whom the notice shall be served, and that it shall be served in the manner provided by law for the service of summons, and the only person authorized to make proof of service, by the provisions of said section, is the holder of the certificate, his agent or attorney.

If the proof of service can only be made by the owner of the certificate, his agent or attorney, it is equally clear that the service can only be made by such owner, agent or attorney.

This provision of our law was taken from Iowa, and is section 894, and the supreme court of that state has settled the question of the service long ago, and the leading case is that of Ellsworth v. Van Art, 32 N. W. 142.

The service of the notice before tax deed is jurisdictional, and the service must be in strict conformity with the statute. Black on Tax Titles, sec. 339; Hall & Spencer v. Guthridge, *supra;* Hillyer v. Farneman, 21 N. W. 578; Weaton v. Knight, 16 N. W. 532; Slyfield v. Barnum, 32 N. W. 270.

The notice under our law must be served by the holder of the certificate, his agent or attorney. Black on Tax Titles, sec. 343; Ellsworth v. Van Ort, *supra;* Farnum v. Brandt, 75 N. W. 337; Association v. Smith, 13 N. W. 849; Stephens v. Murphy, 59 N. W. 203.

Where form of deed is prescribed by statute it becomes substance and must be strictly followed. Simmons v. McCarthy, 50 Pac. 761; Salmer v. Lathrop, 72 N. W. 570; Grim v. O'Connel, 54 Cal. 522; Lain v. Cook, 15 Wis. 446.

FULLER, P. J.   Conditioned on the payment of all taxes, penalties, interest, and costs, plaintiff had judgment vacating and setting aside a tax deed to a portion of a certain lot in the city of Deadwood, and this appeal by the defendant requires us to determine whether the law was properly applied to the facts found by the trial court.

On the 6th day of November, 1893, the property was sold to Lawrence county on account of the taxes due and delinquent for the years 1886 and 1892, and the certificate of such sale was thereafter assigned to appellant, who obtained his tax deed thereon, on the 15th day of June, 1896. Concerning this conveyance the court found "that said deed was in all respects according to the form of tax deed provided by section 1639 of the Compiled Laws of this state, except that the following language provided in said form was omitted from said deed, to-wit, 'and had been duly assessed

and properly charged on the tax books or duplicate for the year.' "
At the time the taxes were assessed for the year 1886 the property
stood in the name of Nathan Frank, and in 1892 in the name of
Sarah J. Hickok; but before the statutory notice required before
the issuance of a tax deed was in any manner served, appellant had
acquired title to the westerly five feet of the lot, while the easterly
twenty feet thereof, being the premises in controversy, belonged to
A. T. Rector, whose deed was of record, and to these respective
owners the property was, and for many years prior thereto had
been, assessed, as shown by the tax records of the county. Not-
withstanding the fact that appellant knew, or ought to have known,
that Rector was the non-resident owner of the premises, and that
the person in possession thereof was not the tenant of such owner,
he addressed his published notice of the expiration of the redemp-
tion period "to whom it may concern," and the name of A. T. Rector
in no manner appears therein. Section 121, c. 14, Sess. Laws 1891,
is as follows: "If no person shall redeem lands sold for taxes
within two years from the date of sale, at the end of said two years
the lawful holder of the certificate of purchase shall cause a notice
to be served upon the owner of the land so sold, or upon the person
in possession of such land or town lot un-redeemed and also upon
the person in whose name the land is taxed, if such person reside
in the county where the property is situated, in the manner provided
by law for the service of summons signed by him, his agent or at-
torney, stating the date of sale, the description of the property sold,
the name of the purchaser and assignee, if any, and that the right
of redemption will expire and a deed for said land or
lot be made within sixty days from the completed ser-
vice thereof. Service may be made upon non-residents of the county
by publishing the same three times in some newspaper printed in

said county, and if no newspaper is printed in said county, then and in that case in the nearest newspaper published in the state. Service shall be deemed complete when an affidavit of the service of said notice and of the particular mode thereof duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed." It affirmatively appears that this notice was personally served upon the person in possession and on Mrs. Martha Bullock, apparently a perfect stranger, by one W. E. Waters, who is in no manner represented as the agent or attorney of appellant, and an affidavit of such service is made by one of appellant's attorneys of record. As the service must be in the manner provided by law for the service of a summons, signed by the lawful holder of the certificate of purchase, his agent or attorney, and is complete only when an affidavit of service of said notice and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer, it is quite evident that the service made by Waters is not effective. In construing a provision identically the same as ours, it was said in Iowa that, "It is not contemplated that any other return of the service shall be made, and as it is required to be made by the holder of the certificate, his agent or attorney, it is equally clear that the service can be made only by such holder, his agent or attorney." It was there held, in the absence of such service and return, that the treasurer had no authority to execute the deed. Ellsworth v. Van Ort (Iowa), 25 N. W. 142. The affidavit of service made by appellants attorney recites that Nathan Frank and Mrs. S. J. Hickok, the former owners and persons to whom the land was at one time assessed, and for whose delinquency the same was sold for taxes of 1886 and 1892, were served by publication, but there is no

law requiring any service upon them, and nothing to indicate an intention on the part of appellant to serve A. T. Rector, the record owner and person in whose name the premises were being assessed at that particular time. Now, under circumstances like the pres ent, the statute above quoted requires service to be made, either per- sonally or by publication, "upon the person in whose name the land is taxed," and a published notice addressed "to whom it may con- cern" is not, for the purpose of this case, sufficient. In the case ot Hall v. Guthridge (Iowa), 3 N. W. 275, the same point is presented, and the court say, concerning the person in whose name the land is taxed, that, "This has reference to the person in whose name the land appears for taxation at the time the notice is served, the object being to give notice to the owner; and the statute provides that such notice shall be given to the person in whose name the land is taxed, and not to one to whom it may have been taxed in years before." As the published notice did not contain the name of this non-resident respondent, and was in no manner addressed to him, it may be safely said that he was not officially apprised of the expi- ration of the time limited for the redemption of his land, and his right to redeem was not thereby extinguished. Concerning the proposition Judge Black says: "As a general rue, the redemption notice must be addressed to the person upon whom it is to be served. And if the statute directs it to be addressed to the person in whose name the land is taxed or assessed, a notice addressed to any other person is no notice at all, and does not cut off the right of redemp- tion as against one who takes a tax deed under the sale." Black, Tax Titles, § 333. In construing a statute precisely like ours, with reference to service of the notice on a non-resident owner, the Iowa court say: "How would it be possible to give notice in such cases by publication, unless the name of the party to be notified appear in

the notice, or it be addressed to him? In our opinion, the proposition that the notice of the expiration of the time for redemption should be addressed to the person to be served therewith, or their names, in some proper manner, should appear therein, requires no further support than these considerations. It is our conclusion that the notice was not sufficient, and the right of redemption was not, therefore, cut off." Steele v. Murry (Iowa), 45 N. W. 1030. The statutory expression, "And had been duly assessed and properly charged on the tax books or duplicate for the year   *   *   *   " (of the assessment) constitutes a recital relating to substance, and is in the nature of a certificate on the part of the officer executing the deed that he has examined the records and is stating the facts just as found therein. It is well settled that a statute prescribing a particular form for a tax deed must be substantially pursued or the deed will be held void. Lain v. Cook, 15 Wis. 446; Grimm v. O'Connell, 54 Cal. 522. In Simmons v. McCarthy (Cal.), 50 Pac. 761, the court, in holding that such an omission cannot be remedied by subsequent amendment, say: "When a form has been made necessary, it is not for the courts to inquire whether the required recitals are of material facts or otherwise." Inasmuch as the instrument before us is absolutely void, we are not called upon to determine whether substantative defects may be remedied by the issuance of an amended tax deed, where proper notice has been given in the first instance, and the doctrine of the case last cited is therefore not invoked. We go only to the extent of holding that a tax deed, void for the want of notice, cannot be made effective by the issuance of an amended instrument of that character, without notice, more than three years after the execution of the original. Having reached this conclusion it is unnecessary to notice other substantial objections urged by counsel for respondent. The court has reimbursed

appellant for all moneys expended on account of the land, together with interest, penalties, and costs, and he has no substantial reason for complaint.

The judgment appealed from is affirmed.