HUCKSTEDT, Appellant, v. JAMISON, et al, Respondents.

(240 N. W. 506.)

(File No. 7228.   Opinion filed February 5, 1932.)

*Sutherland, Payne & Linstad,* of Pierre, for Appellant.

*Eastman & Eastman,* of Hot Springs, for Respondent Sawyers.

WARREN, J.   Action for the foreclosure of a certain real estate mortgage by plaintiff, assignee, for certain parcels of land located in Fall River county, S. D.

· F. L. Sawyers, one of the defendants, answered, claiming affirmative relief as owner of the premises in question by virtue of certain payment of taxes and proceedings culminating in the conveyance to him of the title by and through certain tax deeds, all of which had been completed, procured, executed, and obtained by the defendant, Sawyers before the instituting of the foreclosure proceedings in this action by the plaintiff.

The court at the conclusion of the trial made findings and conclusions of law, and entered, thereafter, a judgment awarding the

defendant Sawyers the possession and title in fee to the real property in question.

On appeal to this court, the plaintiff has assigned as error a number of irregularities in the proceedings by and through which the defendant Sawyers claims to have obtained the title to the property.

■ Appellant contends that the failure of the county treasurer to file tax sale return with the county auditor constitutes error in the proceedings to obtain title; that contention is well founded upon our statute relating to the proceedings which must be observed in acquiring tax titles. Our statute is plain, and requires in positive terms that the treasurer shall file with the auditor of his county a return of his sale retaining a copy in his office showing the real property sold, the names of the purchasers, and the sums paid for them, and also a copy of the notice of the sale with the certificate of advertisement certified by an affidavit, and it further provides that such returns shall be evidence of the regularity of the proceedings. It further provides that the description of the real property shall be entered in the same numerical order as required in the tax list. See section 6789, South Dakota Revised Code 1919.

■ The rule of construction prevailing in this state was very aptly stated in Salmer et al v. Lathrop et al, 10 S. D. 216, 72 N. W. 570, 573: "It seems to be well settled that all legislative enactments appertaining to proceedings to transfer and divest title to real property for nonpayment of taxes must receive a strict construction, and, in the absence of a statute affording relief, the doctrine of caveat emptor is applied to purchasers at tax sale."

■ Appellant further contends that the county treasurer failed and neglected to cancel the tax sale certificates, and that they were not filed by or in the office of the county auditor as provided for by section 6808, South Dakota Revised Code 1919. Section 6808, South Dakota Revised Code 1919, provides: "When deeds are delivered by the county treasurer for real property sold for taxes, the certificate therefor must be canceled and filed by the county auditor, and in case of loss of any certificate, on being satisfied thereof by due proof, and bond being given to the state in a sum equal to the value of the property conveyed, as in cases of

lost notes or other commercial paper, the county treasurer may execute and deliver the proper conveyance and file such proof and bond with the county auditor."

It is hard to conceive under the construction prevailing in this state and other states having similar statutes, and the mandatory language contained within the sections above referred to, how we can sustain the findings and conclusions of the trial court. The law as we find it is opposed to the findings and conclusions made by the trial court, and we must reverse respondent's judgment entered by the trial court.

We cannot agree with respondent that the purpose of the statute is merely to direct the treasurer to file such certificate with the auditor and that it was designed to secure order and system in the conduct of business devolved upon them, and that a disregard by the officials could not injure interested parties on account of the officials' neglect. The appellant is entitled to the full observance of the law, and his rights must prevail as against the proceedings shown by the record.

Having reached this conclusion from the assignment of error just considered, it necessarily follows that the judgment of the trial court must be reversed. Appellant's other assignments of error become immaterial.

The order and judgment appealed from are reversed, and the cause is remanded, with directions to strike out any findings inconsistent with the holding of this opinion as to the validity of the procedure for tax deed, and, upon the remaining findings, to enter conclusions and judgment for the plaintiff as prayed in the complaint upon condition that plaintiff first do equity by payment to defendant of all sums expended in payment of taxes, together with interest thereon at the statutory rate as in case of a redemption.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.