ANNIE LAURA ROSE, ADMINISTRATRIX

ESTATE OF JACOB W. SILLIKER,

IN EQUITY

*vs.*

GEORGE OSBORNE, JR.

Androscoggin.      Opinion, August 16, 1938.

16

*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Ralph W. Crockett*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.   The plaintiff was appointed by a probate court in
this State, to settle the estate of a Maine decedent. As administra-
trix, she sued defendant, a resident of this jurisdiction, with whom
subpoena was personally left in service, alleging that three savings
bank deposits, all in defendant's name, are of moneys which, in her
decedent's lifetime, even unto his death, belonged to him.

The bill sought to impose a constructive trust.

On hearing, the trial court sustained contention, in part. It
found, and decreed, plaintiff entitled to the account in the Andro-
scoggin County Savings Bank.

On appeal by plaintiff, this finding was upheld, but the Law
Court reversed the lesser court respecting the account in the Mari-
ners Savings Bank. No error was perceived concerning the account
in the Savings Bank of New London. The Androscoggin bank is in
Maine; both the others in Connecticut.

Law Court mandate indicated the entry of a decree to conform to
that court's opinion. *Rose, Admx.* v. *Osborne*, 133 Me., 497, 180 A.,
315.

Draft of decree was filed; defendant moved corrections; hearing
was had; no decision was made.

Seemingly it came to plaintiff's attention that, prior to the
granting of injunctive relief, operating on the person of the de-
fendant, and enjoining him from disturbing the accounts, he had
already made withdrawals from the Androscoggin and Mariners

banks, leaving the total deposits there less than the amount needed for performance of the trust.

$14,986.90, exclusive of taxable costs, appears to have been requisite.

A new bill, termed by plaintiff's counsel "supplemental" to the first, was filed.

The aim of this was to compel the doing, by defendant, of an affirmative act, that is to say, to require him to make up, from the deposit in the Savings Bank of New London, any deficiency in trust funds. That deposit had, in the original proceeding, been adjudicated his.

The cause, inclusive of a motion for a single decree on both the original and supplemental bills, the latter having meantime been heard but not decided, was reported, as a single case, to this court. The report was discharged, on the ground that, the first bill having already been determined, finally, the sitting justice should decree; while the supplemental bill, depending on what might be its nature, either would not lie, or was premature. The record presented nothing for action. *Rose, Admx.* v. *Osborne*, 135 Me., 467, 199 A., 623.

Going back to the first suit, another draft of decree was filed. Had this, as drawn, been made operative, defendant would thereby have been ordered to transfer, from his aforesaid individual funds, in object as above. In other words, accomplishment, indirectly, of what it had been authoritatively concluded should not be done, was essayed, but unavailingly. The justice below denied approval.

A decree requiring transfer of the moneys in the Androscoggin and Mariners banks, minus any mention of that in the New London bank, was then signed and entered.

Plaintiff, feeling aggrieved by the form of decree, noted exception. Equity Rule 28, 129 Me., 526, 533.

The word "form" is the antithesis of "substance." *Thibodeaux* v. *Thibodeaux*, 112 La., 906, 36 So., 800. Substance is that which is essential. *State* v. *Burgdoerfer*, 107 Mo., 1, 17 S. W., 646. Form relates to technical defects, or noncomformance to mandate. Substance goes to matters which do not sufficiently appear, or prejudicially affect the substantial rights of parties who may be interested therein; not to mere informalities. *Thibodeaux* v. *Thibodeaux*, supra.

Revised Statutes, Chapter 91, Section 53, provides that the single justice shall enter a decree in accordance with the certificate and opinion of the Law Court. Such is the extent of power. The justice has no authority to depart in any material respect from the Law Court mandate. *Rose, Admx.* v. *Osborne,* second decision, *supra.*

What the justice did was right.

*Exception overruled.*