PARKER, Respondent, v. NORTON, et al, Appellants

(26 N. W.2d 453)

(File No. 8861.  Opinion filed March 5, 1947.)

Rehearing Denied May 5, 1947.

**C. M. Parsons,** of Bison, and **J. O. Wigen,** of Hettinger, N. D., for defendants and Appellants.

**Frank P. Kinney,** of Lemmon, for plaintiff and Respondent.

ROBERTS, J. This is an action to quiet title. Plaintiff's grantors are the heirs of Grover Cleveland Stolzenberger, deceased. Defendant Alex Norton claims title under a tax deed issued by the county treasurer of Perkins county. The issues were submitted to the court and the court found that valid notices of intention to take tax deed were not given as required by statute; that by reason thereof the tax deed issued to defendant Norton is invalid; and that title should be quieted in the plaintiff.

The controlling questions on this appeal are whether the statute required service of notices of intention to take tax deed upon the heirs of the deceased owner of record and whether the court correctly determined the amount to be paid by plaintiff to defendant Norton if plaintiff is entitled to redeem.

The taxes assessed for the year 1930 against the two quarter sections involved became delinquent, the tracts were advertised and sold at the tax sale held on December 21, 1931, and there being no other bidders, tax sale certificates were duly and regularly issued to Perkins county. Grover Cleveland Stolzenberg was deceased at the time of the service of the notices of intention to take tax deed in November, 1937. He was the last grantee named in the chain of title. The notices are addressed to "Andrew Stolzenberg and Robert Stolzenberg, sons and sole heirs at law of Grover C. Stolzenberg, deceased, owner of record and person in whose name land is taxed. And to all persons unknown who have or claim to have any interest or estate in or lien or encumbrance upon the premises hereinafter described as heirs, legatees, executors, administrators or creditors of the estate of Grover C. Stolzenberg, deceased, or any or either

of them and all to whom it may concern" and to "Henry G. Stolzenberg, Active Administrator and person in possession." The treasurer's affidavits of completed service show that the notices were served upon the administrator, but were not served upon the heirs named either personally or by publication.

Counsel for defendant Norton contend that the provisions of SDC 57.1119, relating to tax deed procedure, were complied with when service was made upon the administrator of the estate of Grover Cleveland Stolzenberg, deceased. This statute provides that if the owner of record or any other person on whom notice is required to be served is deceased "the notice shall be served on his executor or administrator, foreign or resident, or upon the resident agent of a foreign executor or administrator, if any of such are known to the certificate holder." This section changed somewhat the requirements as to the service of notice of intention to take tax deed. The statute in effect at the time the notices in the instant case were given was Ch. 248, Laws 1937, amending § 6804, Rev. Code 1919, as amended by Ch. 198, Laws 1933, and Ch. 195, Laws 1935. The 1937 amendment so far as here applicable provided: "If real property sold for taxes be not redeemed within four years from the date of sale, at any time thereafter and within six years from date of the tax sale certificate on which the proceedings are based, the lawful holder of such certificate shall cause a notice to be served upon the owner of record of the real property so sold, upon the person in possession thereof, and also upon the person in whose name the same is taxed and upon the mortgages (mortgagee) named in any unsatisfied mortgage then in force upon such real property of record in the office of the Register of Deeds of the county in which the same is located * * *. Personal service of such notice in the manner provided by law for the service of summons shall be made upon such of the above mentioned persons as reside within the state, but when any of such persons are non-residents of the state, such notice may be served upon such non-residents by publishing such notice once a week for three successive weeks in some newspaper printed in the county where the real property is situated,

and if no newspaper is printed in such county, in the nearest legal newspaper printed in the State, and in addition to such service by publication the holder of such certificate shall cause to be sent to the persons so served a true copy of such notice through the United States mails, properly addressed, to the last known address of each of such persons * * * **Provided, however, that in the event any of the foregoing persons upon whom notice is required to be served are deceased the notice thereof may be given by publishing such notice as hereinbefore provided as against non-residents, which said notice shall be directed to the unknown heirs, devisees or next of kin of such deceased person or persons; and provided further that it shall appear by affidavit filed with the completed services of such notice that such person or persons are deceased and that their heirs at law, devisees or next of kin are unknown."**

█ We agree with the trial court that service of notices of intention to take tax deed was not made in the manner prescribed by statute. It provided that notice must be served upon "the owner of record of the real property" and also upon "the person in whose name the same is taxed." Since the owner of record and the person in whose name the property was taxed was deceased, the provisions of the 1937 act which we have boldfaced were applicable and required the same notice as in the case of non-residents.

Defendant Norton contends, however, that the right of the plaintiff to maintain this action and to contest the validity of the tax deed was barred by the three year limitation contained in SDC 57.0903, as amended by Ch. 337, Laws 1941.

█ This statutory limitation does not run in favor of a deed which is void on its face or which though regular on its face is void because of jurisdictional defects. Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; King v. Lane, 21 S. D. 101, 110 N. W. 37; Lauderdale v. Pierce, 27 S. D. 460, 131 N. W. 514; Newton v. McGee, 31 S. D. 216, 140 N. W. 252; Bradshaw v. Brady, 38 S. D. 279, 161 N. W. 195. In the case of Cain v. Ehrler, 33 S. D. 536, 146 N. W. 694, 36 S. D. 127, 153 N. W. 941, 944, this court had occasion to consider the contention that although

no legal notice had been served action for recovery of the property sold was barred by the three year limitation. In the majority opinion on rehearing, this court said: "In the former opinion in this case it is said that a county treasurer is without jurisdiction to issue a tax deed until the notice of expiration of the period of redemption has been served. This declaration of law is vigorously assailed by respondent on the rehearing; and in support of his position it is contended that the service of the notice could have been dispensed with by the Legislature without depriving the property owner of any of his constitutional rights, and that, therefore, the failure to give the notice does not effect the treasurer's jurisdiction to issue the deed. This conclusion by no means necessarily follows. * * * While courts have frequently been called upon to declare whether a particularly designated act in a legal proceeding is or is not jurisdictional, they do not seem to have attempted a general definition of the term 'jurisdictional.' Under the statute, the giving of the notice of the expiration of the right of redemption is made a condition precedent to the execution of the deed. It is the treasurer's authority for the execution of the deed. In fact, conceding a legal sale to have been made, the giving of the notice and the filing of a proper return thereto are his only authority for executing the deed. In other words, the giving of notice is absolutely essential, and therefore jurisdictional."

We conclude that the failure to serve notice of intention to take tax deed upon the heirs named was jurisdictional and that this action was not therefore barred by the statute in question.

The court found that plaintiff's grantors assigned to him their claim against defendant Norton for rents and profits and that plaintiff was entitled to have the value of the use and occupancy in the sum of $1,051 deducted from the amount necessary to effect a redemption. Defendants assert that the administrator is entitled to recover the rents and profits and that the court should not have allowed the deduction. In an action to invalidate or cancel a tax deed, the value of the use and occupancy of the land by the holder

of the invalid title is deductible from the amount of reimbursement to which he is entitled. Weller v. Platt, 33 S. D. 509, 146 N. W. 705; Beadle County v. Hinckley, 69 S. D. 381, 10 N. W.2d 757. If title had not been conveyed by the heirs to the plaintiff and an action were maintainable by the administrator to cancel the deed, he would not have been entitled to recover the value of the use and occupancy without satisfying the lien for taxes and costs. We do not think that the court was precluded from crediting the value of the use and occupancy of the land and as to the amount we are of the opinion that the evidence supports the finding of the trial court.

The judgment appealed from is affirmed.

All the Judges concur, except POLLEY, J., not sitting.