HOUGH, Respondent, v. PERKINS COUNTY et al, Appellant.

(32 N. W.2d 632.)

(File No. 8961. Opinion filed June 3, 1948.)

F. J. Reeder, of Lemmon, for Appellant.

H. R. Jackson, of Lemmon, for Plaintiff-respondent.

Leslie Hersrud, of Lemmon, for Defendant-respondent.

RUDOLPH, J.   This action involves the title to certain land in Perkins County.   The land was sold to the county at tax sale on December 16, 1929 for nonpayment of the taxes for the year 1928.   On June 30, 1942 the county took a tax deed to the premises.   This deed was recorded July 3, 1942.   The county sold the land to the defendant Hendricks on April 9, 1943 since which time he has been in possession thereof.   Plaintiff, the record owner prior to the tax deed, commenced this action on March 11, 1947, wherein he seeks

to set aside the tax deed and have the title to the premises quieted in him. The defendant Hendricks, among other things, pleaded the three-year statute of limitations, SDC 57.0903, as amended by Ch. 337, Laws of 1941, which so far as here material provides:

"No action shall be commenced by the former owner or by any person claiming under him, to recover possession of any real property which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed."

Trial was had and it appears without dispute that the tax deed is in all respects regular and valid upon its face. The only defect in the tax proceedings was the failure of the county treasurer in 1929 to comply with the provisions of Sec. 6789, R. C. 1919 (SDC 57.1111) which require that the county treasurer make and file a return of tax sale in the office of the county auditor and retain a copy in his office. A single question is presented. Does the failure of the county treasurer to make and file the return of the tax sale as required, render inoperative the three-year statute of limitations?

This court has held that the failure of the county treasurer to make and file the return of sale renders the tax proceedings invalid. Huckstedt v. Jamison, 59 S. D. 464, 240 N. W. 506. In that case, however, the question was presented before the three-year statutory period had expired, and the effect of the statute upon such a defect in the tax proceedings was not involved.

This three-year statute of limitations has been among the statutes of this state at least since 1891. In the case of Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, 207, it was held that "by the terms of the statute no defects in tax proceeding are excepted from the operation of the limitation; none should be recognized by the courts except such as are required to prevent owners from being deprived of their property without due process of law." In that case it was held that a defective published notice of sale was not a deprivation of due process. Thereafter, it was held

that where the tax deed is valid upon its face the statute constitutes a bar to an action which is not brought within the three-year period "unless it is shown that the property is outside of the taxing district, or has not been assessed, or is exempt from taxation, or the taxes have been paid before the sale, or the property has been redeemed from such tax sale before the execution of the deed." Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91, 93. The court consistently adhered to the formula thus announced in the Cornelius-Ferguson case until the case of Cain v. Ehrler et al., 33 S. D. 536, 146 N. W. 694, on rehearing 36 S. D. 127, 153 N. W. 941, wherein it was held that an action to set aside a tax deed that had been executed without service of notice of expiration of the right of redemption was not barred by the three-year limitation. In the opinion of the two dissenting judges this holding was a departure from the principles underlying the former holdings of the court. Whether there was such a departure from principle we need not determine. Such holding has been approved and has become the settled law in this state. Ulrickson v. Ulrickson, 42 S. D. 225, 173 N. W. 742; Parker v. Norton, 71 S. D. 506, S. D. 26 N. W.2d 453. The court in the majority opinion in the Cain-Ehrler case approved the holding and reasoning in the case of Bandow v. Wolven, supra, and it is our opinion the reasoning in that case is sound and decisive of the issue now before us. It was there said:

"The notice required by the statute was not given, an irregularity which certainly would have invalidated the sale had timely objection been made. Is it now available? We think not. The owner of the land cannot be heard to say that he did not know the law. He knew that his land was subject to taxation, that it was assessable every year, that no demand for taxes was necessary, that they became delinquent on the 1st day of March of the year after they were levied, and that if they were not paid it was the duty of the treasurer to sell his land to satisfy the same on the first Monday in November. The time of the assessment, levy, and sale was prescribed by the statute. The law itself gave notice of the time and place of sale. The Legislature might

have dispensed with further notice. It has declared that no action shall be commenced by the former owner or by any person claiming under him to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed. The declaration is comprehensive and unqualified. No doubt exists as to the legislative intent. By the terms of the statute no defects in tax proceedings are excepted from the operation of the limitation; none should be recognized by the courts except such as are required to prevent owners from being deprived of their property without due process of law. The legislative will should prevail to the fullest extent possible. It is the owner's duty to pay his taxes when they become due. He knows the consequences of failure to do so, the effect of the special limitation, and has no cause to complain; ample opportunity being afforded for the protection of his rights. If no published notice of the sale was necessary, certainly a defective one should not be regarded as a jurisdictional defect. There was no want of power. It may have been irregularly pursued, but the iregularity was waived by the owner's failure to assert his rights within the period prescribed by the statute, and that period is neither unjust nor unreasonable."

It seems clear to us that if the failure to give the statutory notice of sale is not such a defect as will render inoperative the three-year statute, neither is the failure of the treasurer to make and file the return of sale. In the Cain-Ehrler case much emphasis is given to the fact that the legislature had expressly declared the consequences of the failure to give the notice of expiration of the right of redemption in that such notice was made absolutely essential to cut off the right of redemption. The legislature, however, has attached no consequence to the failure of the treasurer to make and file the return of sale. It is but a step in the proceedings subsequent to the sale and is such a requirement as might readily have been omitted as wholly unrelated to due process. It being within the power of the legislature to dispense with the requirement to make and

file the return of sale, and the legislature not having expressly attached any consequence to the failure to make and file such return, we are of the view that such step in the tax proceedings is not jurisdictional in the sense that the failure to make the return will render inoperative the three-year statute.

The judgment appealed from is reversed.

SMITH and HAYES, JJ. concur.

ROBERTS, P.J. I concur in a reversal of the judgment. The tax deed is assailed on the ground that the county treasurer failed to make a return of tax sale. By the provisions of SDC 57.1111, the county treasurer is required to file in the office of the county auditor a return of his sale, retaining a copy in his office, showing the land sold, the names of purchasers and the sums paid by them and also a copy of the notice of sale, with a certificate of the advertisement, verified by an affidavit. The court found and the evidence discloses that the county treasurer did not comply with this section. The tax deed appears regular and valid on its face and was placed of record more than three years before the commencement of this action. Defendants rely on the provisions of SDC 57.0903, as amended by Chap. 337, Laws 1941, which provide that no action shall be commenced by the former owner or any person claiming under him to recover posession of any real property which has been sold and conveyed by deed for non-payment of taxes or to avoid such deed unless the action is commenced within three years after the recording of the deed.

This statutory limitation does not run in favor of a deed which is void on its face, and not merely voidable, or which though regular on its face is void because of jurisdictional defects. Parker v. Norton, 506, 71 S. D. 26 N. W.2d 453, and cases cited. A deed is void as to prevent the operation of the statute when there is a fundamental or jurisdictional defect in the proceedings either disclosed on the face of the deed or upon the records of the proceedings. The statute applies only to sales invalid because of irregularities, informalities and defects of form.

If there was in fact no sale of the land in controversy for delinquent taxes in 1929 or if the treasurer had no auth-

ority to sell, there would have been no basis for the issuance of the tax deed and the rights of the plaintiff would not be cut off by the three-year statute of limitations. There is no provision in section 57.1111, supra, indicating that the failure to make such return invalidates the sale. While a return of tax sale filed by the treasurer with the auditor is made "evidence of the regularity of the proceedings", there are other statutes providing a method of proving regularity of a tax sale. By the provisions of SDC 57.1106, a certificate of sale is made "presumptive evidence of the regularity of all prior proceedings." By the provisions of SDC 57.1120, a tax deed is made prima facie evidence of the "regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed." It is admitted that the tax deed is valid upon its face. A prima facie case that the land was sold in 1929 was therefore made. The record discloses no evidence to overcome the presumption indulged in favor of the regularity of the sale. It is plaintiff's theory that the omission complained of is a jurisdictional defect and renders the deed void.

The case of Huckstedt v. Jamison, 59 S. D. 464, 240 N. W. 506, although involving the failure of a county treasurer to file return of tax sale, did not adjudicate the question before us. Since the action was brought within three years after the recording of the tax deed, the statute of limitations did not apply. It cannot be considered as a determination that the omission complained of was a jurisdictional defect rendering the deed void.

In the case of Cain v. Ehrler, 33 S. D. 536, 146 N. W. 694, relied on by plaintiff, tax deed was executed without giving the statutory notice of the expiration of the period of redemption. There has been some confusion and apparent conflict in decisions of this court as appears from the opinion in that case on rehearing, 36 S. D. 127, 153 N. W. 941, as to the test to be applied in determining whether or not a defect in a tax proceeding is jurisdictional. There is, however, no support in that decision for plaintiff's position. As is well stated by the court in Lind v. Stubblefield, 138 Okl. 280, 282 P. 365, 366, referring to the failure to give notice of the expiration of the right to redeem: "Notice in

this connection is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process, with personal service, or some substituted service, provided by law. Otherwise he is deprived of his property without due process of law. And a judgment is equally as void, where it recites on its face that the defendant has been served regular process, as any other void judgment, when the judgment roll or the proceedings disclose that the defendant has not been served with process. A judgment of this character is void, absolutely void, and can be stricken down at any time." See also Small v. Hull, 96 Mont. 525, 32 P.2d 4. Suffice it to say that the failure of the treasurer to file a return of tax sale did not deprive plaintiff of his property without due process and cannot be placed in the same category with failure to give notice of expiration of the period of redemption. The record discloses no jurisdictional defect in the tax sale proceeding.

For the foregoing reasons, I think the three-year statute of limitations is effective to cut off the right of the plaintiff to attack the deed because of the omission of the treasurer to file a return of tax sale.

SMITH, J., concurs.

SICKEL, J. (concurring specially). It is conceded on all sides that the failure to file a return of tax sale is a departure from strictly accurate methods of procedure which will invalidate the sale before the deed has been of record for three years. The question here is whether such departure is available as ground for invalidating the sale notwithstanding the three-year statute of limitation. The question must be determined in each particular case with reference to the "principle that failure to do what might have been dispensed with may be cured by operation of a special limitation." The above principle has been approved by this court in several decisions. It is subject, however, to the rule that "there are some objections against tax titles that cannot be obviated by statute, (limitations) as the effect would be to deprive the owner of property without due process of law." Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, 205. Cain

v. Ehrler, 36 S. D. 127, 153 N. W. 941., is such a case. There the right of redemption and notice to redeem could have been dispensed with entirely before the sale, but after the sale those rights became vested rights in property which could not have been dispensed with by law. Due process required the serving of notice of redemption, and this requirement could not have been dispensed with under the facts in that case though there had been no statutory declaration of consequences.

In this case the filing of the return of tax sale might have been dispensed with at any time, not because there was no statutory declaration that the failure to file the return would invalidate the sale, but because the return did not affect any vested right of the owner in the land.