CRILLY, Appellant, v. WILLIAMS, et al, Respondents
(35 N. W.2d 401.)

(File No. 9030. Opinion filed December 28, 1948.)

**Bellamy & Eastman,** of Rapid City, for Appellant.

**Whiting, Wilson** and **Lynn,** of Rapid City, for Respondents.

SICKEL, J. This action was brought to quiet title to a quarter section of land in Pennington county. The Federal Land Bank of Omaha became the owner of the land in 1936 and conveyed it to M. A. Crilly, plaintiff, by quitclaim deed

on February 4, 1948. The land was sold to the county at tax sale in 1937 for the last half of the 1935 and all of the 1936 taxes. No redemption was made, and a treasurer's tax deed was issued to the county on January 13, 1943, recorded on the same day. The county entered into a contract on January 10, 1945, to sell the land to Ida Marie Williams and Violet E. Williams, defendants, and conveyed the land to them, pursuant to the contract on November 26, 1946. Defendants filed an answer and counterclaim basing their claim of title upon the tax deed. Plaintiff served a reply to the counterclaim alleging that the assessor failed to attach to his return the oath required by § 6719, R. C. 1919, and that therefore the assessments of 1935 and 1936, for nonpayment of which the sale was held, were void. Defendants then served a subsequent pleading alleging that the right to so challenge the regularity of the tax sale proceedings is barred by the three-year statute of limitations. SDC 57.0903, amended by Ch. 337, S. L. 1941. The action was tried on the merits and judgment was entered quieting the title in defendants. Plaintiff appealed.

 The only issue presented on this appeal is whether the failure of the assessor to attach his oath to the return of assessment, as required by § 6719, R. C. 1919, is available to plaintiff as ground for invalidating the tax deed, notwithstanding the three-year statute of limitations. SDC 57.0903, as amended by Ch. 337, S. L. 1941, provides that the validity of a tax deed cannot be questioned in any action not commenced within three years after the recording of the deed. No defects in tax proceedings are excepted from the operation of this statute and "none should be recognized by the courts except such as are required to prevent owners from being deprived of their property without due process of law." Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, 207; Cain v. Ehrler (on rehearing), 36 S. D. 127, 153 N. W. 941; Hough v. Perkins County, 72 S. D. —, 32 N. W.2d 632. Due process of law is involvel in all cases in which defects are jurisdictional. Parker v. Norton, 71 S. D. 506, 26 N. W.2d 453. The question of due process is to be determined on "the underlying principle that failure to do what might have

limitation." Bandow v. Wolven, supra; Cain v. Ehrler, supra; Hough v. Perkins County, supra.

The question here presented was decided by this court in Bandow v. Wolven, supra. In that case the circuit court found that the assessor had made no verified return. The evidence disclosed an affidavit in the statutory form, not subscribed by the assessor but bearing the certificate of the county auditor, stating that the affidavit was subscribed and sworn to by the assessor before the county auditor. Two questions were presented: First, whether the instrument without the assessor's signature was a sufficient verification of the return, and second, if not, was the absence of the assessor's oath such a departure from accurate methods of statutory procedure as to invalidate the sale, notwithstanding the statute of limitations. The opinion of the court answers both of these questions in the following language: "Moreover, an unverified assessment roll is not a nullity. Avant v. Flynn, 2 S. D. 153, 49 N. W. 15. In this instance the person who made the assessment—who determined the taxable value of the property—was duly elected or appointed to perform that duty. He gave the required bond, took the required official oath, and presumptively performed the duty with fidelity. Nothing was wanting save his signature to the affidavit, a formality which did not affect any substantial feature of his work, and which might have been dispensed with by the Legislature without injury to any one and without violating any fundamental rule of property. So, even if the return were not verified, the irregularity would not be available to the plaintiff in this action whatever might have been its effect before completion of the special limitation period."

Appellant relies upon the cases of Brink v. Dann, 33 S. D. 81, 144 N. W. 734; Richardson v. Howard, 23 S. D. 86, 120 N. W. 768, but the effect of the statute of limitations was not presented or considered by the court in either of those cases.

■ The parties have stipulated in this case that the tax deed is regular on its face, and it was recorded more than three years before the commencement of this action.

The assessor's oath of office was properly filed and his qualification as such officer is not questioned. The assessment lists for the years 1935 and 1936 were made out on cards which contained the information required by § 6718, R. C. 1919, which cards were delivered to the clerk of the local board of equalization and then to the county auditor. Appellant raises no question as to the identity or sufficency of these assessment cards. The assessor executed the statutory oath on June 27, 1935, and again on July 9, 1936. Each oath was certified by the county auditor or his deputy and filed in the county auditor's office, but neither were attached to the assessor's return. We hold that the statutory duty of the assessor to attach his oath to the return of assessment is one which might have been dispensed with by the Legislature, and therefore the failure of the assessor to comply with the statute was cured by the operation of the special limitation.

Judgment affirmed.

RUDOLPH, SMITH and HAYES, JJ., concur.

ROBERTS, P. J., concurs in the result.