POTTS, Appellant, v. MILLER, et al., Respondents

(39 N. W.2d 667)

(File No. 9077. Opinion filed November 14, 1949)

**Byron S. Payne,** Pierre, **W. M. Potts,** Mobridge, Attorneys for Appellant.

**Morrison & Skaug,** Mobridge, attorneys for Respondent Miller.

**N. E. Wanous,** State's Attorney, Dupree, attorney for Respondent Ziebach County.

SICKEL, J. This in an action brought to quiet title to land in Ziebach county. The land was a part of the Standing Rock Indian Reservation and was purchased from the United States Government by plaintiff, on contract, in 1920. Pátents were issued in October 1931. Some of the land was assessed for taxes in 1930 and sold to the county at the 1931 tax sale. The rest of the land involved in this

action was assessed for taxes in 1932, and sold to the county at the 1933 tax sale. No redemptions were made and treasurer's tax deeds were issued and recorded in May 1938. The county sold the land to R. N. Miller on contract in December 1946. The county answered plaintiff's complaint alleging that it became the owner of the property by virtue of the tax deeds and that it was still the owner thereof subject to the rights of defendant R. N. Miller under his contract of purchase. Defendant Miller answered alleging his interest in the property under his contract with the county and also alleging that the tax deeds had been recorded in the office of the register of deeds more than three years prior to the commencement of the action and asked for judgment quieting title in him as against the claims of the plaintiff, The action was tried on the merits and judgment was entered for defendants. Plaintiff appealed.

Appellant contends that the assessments of the land and the levies of the taxes are void because of departures from the statutory procedure; that the tax deeds do not follow the statutory form and are void, and that these defenses are therefore available to plaintiff notwithstanding the three-year statute of limitations.

The statute of limitations is SDC 57.0903 as amended by Ch. 337, S.L. of 1941. It declares that: "No action shall be commenced by the former owner or by any person claiming under him, to recover possession of any real property which has been sold and conveyed by deed for nonpayment of taxes or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed * * *." This is a statute of repose. When a deed is fair on its face and has been recorded more than three years, no defects in the tax proceedings will be recognized except those which are jurisdictional. Bandow v. Wolven, 20 S.D. 445, 107 N.W. 204; Cain v. Ehrler, (on rehearing) 36 S.D. 127, 153 N.W. 941; Parker v. Norton, 71 S. D. 506, 26 N.W.2d 453; Hough v. Perkins County, 72 S.D. 236, 32 N.W.2d 632; Crilly v. Williams, 72 S.D. 423, 35 N. W.2d 401; Randall v. Perkins County, 72 S.D. 497, 36 N.W.2d 845. The first question, then, is whether the deeds involved in this action are fair on the face.

Revised Code of 1919, § 6805, now SDC 57.1120, relates to the form of tax deeds and provides: "Such deed shall be prima facie evidence of the truth of all the facts therein recited, and of the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed, and such deed shall be substantially in the following form:

"Whereas, _____ did on the _____ day _____, 19____, produce to the undersigned,__ _____,treasurer of the county of _____, in the state of South Dakota, a certificate of tax sale, bearing date the _____ day of_____, 19_____, (signed by _____, who at the last mentioned date was treasurer of said county, from which it appears that _____) did (on the____ __day of _____, 19_____,) purchase" etc.

The deeds followed the statute in form and execution except that the parts of the above quotation which we have placed in parentheses were omitted. Those parts of the statutory form which have been omitted require that the deeds shall state that the certificates of sale were signed by the treasurer of Ziebach county, naming him, the name of the purchaser, and the date of sale. The deeds recite elsewhere that Ziebach county was the purchaser at the sales and also state the dates of sale. They do not specifically state that the certificates of sale were issued by the treasurer of Ziebach county nor do they state the names of the treasurers who issued them. The deeds therefore show a departure from the statutory form and the question then is whether the deeds are void because of the omissions.

■ A tax deed is fair on its face when the illegality of the conveyance cannot be shown without extraneous evidence. Denny v. Stevens, 52 Wyo. 253, 73 P.2d 308, 75 P.2d 378, 113 A.L.R. 1337; North American Realty Co. v. Brady, 77 Colo. 56, 234 P. 1054; Imperial Securities Co. v. Morris, 57 Colo. 194, 141 P. 1160. This rule is, however, subject to the power of the court to read the deed in the light of existing law, and it is subject also to matters of which the court may properly take judicial notice. St.

Louis Smelting and Refining Co. v. Kemp, 104 U.S. 636, 26 L.Ed. 875.

■ These tax deeds are all regular in form except as to the omissions noted above. They were duly executed by a ministerial officer according to the authority ' vested in him by law. The deeds do not bear evidence of non-compliance with an essential element of the law. Such noncompliance could only be established by extraneous evidence. Therefore, the omission is insufficient to support the claim that the deeds are not fair on the face.

In support of his contention that the deeds are not fair on the face appellant cites Salmer v. Lathrop, 10 S.D. 216, 72 N.W. 570. In that case the tax deed recited that two lots were sold as one tract for a gross consideration, contrary to statute, and that the sale was held on a date not authorized by law. The deed bore evidence of noncompliance with the law and was held to be void on its face.

Appellant also cites Rector & Wilhelmy Co. v. Maloney, 15 S.D. 271, 88 N.W. 575, 576. The deed involved in that action followed the statutory form except that it omitted "and had been duly assessed and properly charged on the tax books or duplicate for the year * * *".

■ Jurisdictional matters are those which are required to prevent the owners from being deprived of their property without due process of law. They are, that the premises in question were not within the taxing district, or were not assessed, or were not subject to taxation, or that the taxes assessed thereon had been paid before sale, or that the property was redeemed from the sale before the issuance of the tax deed. Moran v. Thomas, 19 S.D. 469, 104 N.W. 212; Bandow v. Wolven, 20 S.D. 445, 107 N.W. 204; Cornelius v. Ferguson, 23 S.D. 187, 121 N.W. 91. Service of notice to redeem is also a jurisdictional matter. Parker v. Norton, supra; Randall v. Perkins County, supra. The deed involved in the Rector case failed to state that the property had been duly assessed, which recital was required by the statutory form of tax deed, and it was jurisdictional. This court has stated repeatedly that "omissions from the statutory form relating to jurisdictional matters

have been uniformly held sufficient to render the deed void upon its face." Reckitt v. Knight, 16 S.D. 395, 92 N.W. 1077, 1078; Rector & Wilhelmy Co. v. Maloney, supra; Moran v. Thomas, supra; Cornelius v. Ferguson, supra.

■ In the present case that part of the statutory form which was omitted has no relation to any jurisdictional matter. We find no case in which this court has held that the omission of a nonjurisdictional recital renders the tax deed void on its face.

■ Appellant also contends that because of the omissions the deeds are not in the form required by statute, and that they are therefore void. He cites the following rule from Salmer v. Lathrop, supra [10 S.D. 216, 72 N.W. 573]: "Where the statute prescribes the particular form of a tax deed, the form becomes substance, and must be strictly pursued, or the deed will be void." Appellant also quotes the following from Rector & Wilhelmy Co. v. Maloney, supra: "When a form has been made necessary, it is not for the courts to inquire whether the required recitals are of material facts or otherwise." The statute here in question states: "Such deed shall be substantially in the following form: * * *". To say that under this phraseology "form becomes substance", that the statutory form must be strictly pursued regardless of materiality, is to ignore substance for the sake of form. Actually "form" is the antithesis of "substance". Form relates to technical details regardless of substance while substance is that which is essential. Rose v. Osborne, 136 Me. 15, 1 A.2d 225. "The words 'in substance' are used in opposition to form, and to signify that adherence to the form or language of the statute is not required if the real or essential part be observed and complied with." Hugo v. Miller, 50 Minn. 105, 52 N.W. 381, 382. This question was considered by the Supreme Court of Illinois in the case of People v. Alton R. Co., 380 Ill. 380, 43 N.E.2d 964, 966. That was a tax case. The statute required that when taxes are paid under protest they shall be accompanied by a writing "substantially in the following form:" The court said: "This provision is mandatory and is a condition that a tax objector must meet before making objections, but there is nothing in that sec-

tion which requires the notice of protest shall be in the exact form as that prescribed in section 194. The words 'substantially in the following form' as used in section 194 must be given a meaning as evidencing an intent to permit a taxpayer to protest by giving notice in a form slightly variant from that prescribed. It means that the notice should, in the main, contain all the essential requirements of the form prescribed but that something less than exact compliance in every detail will be sufficient."

■ ■ The deeds show that all the land is situated in Ziebach county; that the land was assessed and the taxes were levied in that county; that the land was sold at tax sale at the office of the treasurer of Ziebach county and that at the sale the land was sold to Ziebach county; that Ziebach county was the legal owner of the certificates of tax sale and produced them to the county treasurer at the time the tax deeds were executed. The general rule is that "the terms in which a tax deed must be drawn are not strictissimi juris, and it is not necessary to state the facts which must be set out therein with the precision of a common-law indictment. A reasonable certainty is all that is required." 51 Am.Jur., Taxation, § 1089. We, therefore, hold that the recitals contained in these deeds establish with reasonable certainly that the certificates of tax sale were duly executed by the then treasurer of Ziebach county. His name is immaterial.

■ It was stipulated at the trial that all the tracts of land involved in this appeal were taxable for the years for which the assessments were made, and for which the land was sold, but appellant claims that the land was not legally assessed for these taxes. The affidavit required by R. C. 1919, § 6719, now SDC 57.0344, was not executed and attached to the return by the assessor. This irregularity is not jurisdictional, and it is therefore cured by the operation of the statute of limitations. Crilly v. Williams, 72 S.D. 423, 35 N.W.2d 401.

■ ■ It is also contended that the assessment is void because the assessor did not file with the county auditor the oath and bond required by R.C.1919, § 5978, now

SDC 57.0306. The assessment is jurisdictional, and if the property was not assessed there was no tax for which the property could be sold, and in that case the deeds are void. Art. XXI, § 3, of the Constitution of South Dakota relates to oaths of officers. It requires that: "Every person elected or appointed to any office in this state, except such inferior offices as may be by law exempted, shall, before entering upon the duties thereof, take an oath or affirmation * * *". The office of assessor is an inferior office within the meaning of this section of the constitution, and the duty to file the oath may be dispensed with by the legislature. Therefore the oath is not jurisdictional. Hough v. Perkins County, 72 S.D. 236, 32 N.W.2d 632. For the same reason the assessor's bond is not jurisdictional.

■ ■ Appellant's contention that there was no assessment because. of the failure of the assessor to file the required oath and bond is untenable for another reason. 61 C.J., Taxation, § 740 states: "As a general rule, notwithstanding an irregularity in his title to office arising from his election or appointment thereto, or in the matter of his qualification, if an assessor of taxes is in actual possession and administration of the office so as to be entitled to the character of an officer de facto the assessment which he makes is valid and legal." Blewett v. Richardson Ind. School Dist., Tex.Com. App., 240 S.W. 529; Sawyer v. Wilson, 81 Ark. 319, 99 S.W. 389; Welsh v. Briggs, 204 Mass. 540, 90 N.E. 1146; State v. Brown, 53 N.J.L. 162, 20 A. 772; Allen v. Armstrong, 16 Iowa 508. Here there is no contention that the assessor was a person disqualified to act as such officer. Pursuant to his selection he assumed the powers and performed the duties of the office, and the assessments made by him were recognized by the county officials as such and he was therefore an assessor de facto. So far as the validity of his acts is concerned there is no difference between an officer de facto and an officer de jure.

Another assignment of error relates to the tax levy. It is appellant's contention that the levies were excessive and that the tax sales were therefore void. A similar question was before the Supreme Court of Iowa in the case of Parker v. Sexton & Son, 29 Iowa 421. That was an action to

set aside a tax deed. The tax sale was made in part for a school tax which had never been levied, and consequently a portion of the tax was illegal. The question was whether the sale was void so as to invalidate the tax deed in spite of the statute of limitations. The opinion by Cole, Ch. J., states: "If any portion of the tax was legal, the power to sell would arise therefrom. The fact that erroneous or illegal taxes were associated with the valid and legal, would not defeat the power, any more than if they had been entirely omitted. So long as the power and right to sell exists as to any part of the taxes, the owner is not prejudiced by the erroneous or illegal part, since his property would be sold for the valid part, and he is entitled to have the erroneous portion refunded."

In Geekie v. Kirby Carpenter Co., 106 U.S. 379, 1 S.Ct. 315, 320, 27 L.Ed. 157, the land was sold for nonpayment of taxes. The amount for which the property was sold included an item which was not a tax. The question was whether this fact deprived the officer of the power to sell, in which case the tax deed would be void, notwithstanding the Wisconsin statute of limitations. The court said: "The exceptions in section 6 [of the statute] do not apply to this case, and the land was sold for nonpayment of taxes, although an improper item was included in the amount for which the sale was had. It matters not whether such item was five cents for a revenue stamp, or an illegal excess for fees, or any other illegal excess. The statute applies whenever there has been an actual attempt, however defective in detail, to carry out a proper exercise of the taxing power. As against the grantee in the tax deed the statute puts at rest all objection, after the time specified, against the validity of the tax proceeding, from and including the assessment of the land to and including the execution of the deed. If the deed is valid on its face, and purports to convey the land on a sale for the non-payment of taxes, it is, during the three years, prima facie evidence of the regularity of the tax proceeding, and, after the statute has run in favor of the grantee, the deed becomes conclusive to the same extent. The general authority of the taxing officers and the liability of the land to taxation having existed, there was no want of

authority to put the taxing power in motion. That being so, the lapse of time establishes conclusively the validity of the tax and of the sale, as against the irregularity in question. There having been jurisdiction, all error was conclusively barred by the statute." To the same effect are Straus v. Foxworth, 16 N.M. 442, 117 P. 831, affirmed in 231 U.S. 162, 34 S.Ct. 42, 58 L.Ed. 168; Shattuck v. Smith, 6 U.D. 56, 69 N.W. 5; Anno. 5 A.L.R. 170, § IV. Contra, Cooper v. Freeman Lumber Co., 61 Ark. 36, 31 S.W. 981, 32 S.W. 494.

Appellant cites the case of Mallery v. Griffin, 43 S.D. 71, 177 N.W. 818. That case involved an excessive levy, and because of that fact it was held that the whole levy was void. The same question was presented in Lasell v. Yankton County, 67 S. D. 507, 295 N.W. 283, 286. The opinion refers to the language used in Mallery v. Griffin, supra, and says: "The opinion should not be so read. The court intended to declare the levy void only insofar as it exceeded the limitations imposed by law."

Appellant in this case had the right to pay the taxes under protest and to recover the illegal portion thereof, if any, in an action against a county treasurer. SDC 57.0901. Appellant might also have brought an action to set aside the sale at any time within three years after the recording of the deed. He failed to avail himself of these remedies within the time allowed therefor, and he cannot now question the validity of the deeds on the ground that the levies were excessive.

Some of the certificates of sale recite that the land was sold to the county and that the county was "the lowest and best bidder for the same." Appellant contends that it is shown by these recitals that the county was a competitive bidder at the sale, and that therefore the certificates of sale are void and that the deeds are also void for the same reason. The same form of certificate was involved in the case of Brink v. Dann, 33 S.D. 81, 144 N.W. 734, 738. The opinion in that case defines the status of a certificate of tax sale in the following language: "* * * the office of the certificate is merely to preserve evidence of the purchaser's interest and rights; that, if it contains all that section 2199, supra, provides that it should contain, then it is

prima facie evidence of the regularity of 'the proceedings' pertaining to such sale; that, if it contains recitations other than those prescribed by such section and such recitations would tend to show some irregularity in proceedings, the effect of such recitations would simply be to destroy the certificate as evidence of the regularity of such particular proceeding. We think, however, that in no case is the certificate more than prima facie evidence, and that the truth may be shown in dispute thereof, as the deed rests upon the sale and not upon the certificate thereof. The only effect of the superfluous recitation, that the county was a competitive bidder, was to require respondent to prove the facts by evidence aliunde the certificate, and, if such facts showed a valid sale, appellant could not complain. It follows that evidence was admissible to contradict the superfluous statements contained in such certificates." Since the certificates here considered contain recitals tending to show an irregularity in the sale proceedings they are not prima facie evidence of regularity. The burden was then upon the respondents to show by evidence aliunde the certificate, and in contradiction thereof, that the sales were actually valid. However, here the tax deeds recite that the property "was sold to Ziebach County, there being no other bidders". In the case of Reckitt v. Knight, supra, [16 S.D. 395, 92 N.W. 1078] this court said: "The recitals of such a deed are in the nature of a final certificate on the part of the treasurer, designed to perpetuate the record, and show that all preliminary steps have been taken at the time and in the manner provided by law." These deeds were always prima facie evidence of the truth of the recital that there were no bidders other than the county at these sales. SDC 57.1120. Because the deeds are valid on the face and were recorded more than three years before the commencement of this action, and because the recitals in question do not relate to a jurisdictional matter the deeds must now be accepted as conclusive of the fact.

Finding no error in the record the judgment is affirmed.